PRATTS, APPELLANT, *v.* HURLEY, APPELLEE.

[Cite as *Pratts v. Hurley,* 102 Ohio St.3d 81, 2004-Ohio-1980.]

(Nos. 2003–0392 and 2003–0560—Submitted December 3, 2003—Decided May 5, 2004.)

LUNDBERG STRATTON, J.

{¶ 1} We are asked to decide whether the failure of a court to convene a three-judge panel, as required by R.C. 2945.06, deprives the court of subject-matter jurisdiction in a capital case when a defendant has waived the right to trial by jury, so as to render the trial court's judgment void ab initio and subject to collateral attack in habeas corpus.

{¶ 2} Appellant, Ruben Pratts, appeals from the dismissal of his petition for a writ of habeas corpus in which he challenged the subject-matter jurisdiction of the single judge who sentenced him in the Summit County Court of Common Pleas. In 1989, Pratts pleaded guilty to aggravated murder with death-penalty and firearm specifications and aggravated burglary with a firearm specification. The state had agreed not to seek the death penalty in exchange for the plea of

guilty. At the sentencing hearing, appellant waived his right to a jury trial and agreed to submit his plea to a single judge in lieu of a three-judge panel. The judge accepted his plea and sentenced him to life in prison with parole eligibility after 20 full years for the charge of aggravated murder. Appellant did not file a direct appeal.

{¶ 3} In 2001, appellant petitioned the Summit County Court of Common Pleas for a writ of habeas corpus. He claimed that the trial court lacked jurisdiction to accept his plea to a capital offense because R.C. 2945.06 requires a three-judge panel if an accused is charged with an offense punishable by death and has waived a jury trial. The Summit County Common Pleas Court denied the writ as barred by res judicata because the appellant had not raised the issue at trial or in a direct appeal. *State v. Pratts* (Nov. 30, 2001), Summit C.P. No. CR 1988 12 1771. Pratts did not appeal from this decision.

{¶ 4} In April, appellant filed another petition for a writ of habeas corpus, this time in the Ross County Court of Common Pleas. The court dismissed the petition on June 25, 2002, finding that his claim was not cognizable in habeas corpus and was barred by res judicata.[1] The court of appeals affirmed. The court held that the sentencing of appellant by a single judge constituted an error in the exercise of jurisdiction under R.C. 2945.06 that was not subject to collateral attack and that the claim was also barred by res judicata.

{¶ 5} The court of appeals subsequently determined that its decision was in conflict with *State v. Brock* (1996), 110 Ohio App.3d 656, 675 N.E.2d 18, and *State v. Noggle* (June 24, 1999), Crawford App. No. 3–99–08, 1999 WL 446440, on the following rule of law:

{¶ 6} "When a defendant charged with an offense punishable by death waives his or her right to trial by jury and elects to be tried by the court, does the failure of the court to convene a three-judge panel, as required by R.C. 2945.06, constitute a lack of subject-matter jurisdiction rendering the trial court's judgment void ab initio and subject to collateral attack in habeas corpus; or is the error one in the exercise of jurisdiction, which is waived if not raised on direct appeal, thereby foreclosing collateral attack in habeas corpus and/or making the defense of res judicata available to defend against the collateral attack?"

{¶ 7} This cause is now before this court upon our determination that a conflict exists (case No. 2003–0560), and pursuant to the acceptance of a discretionary appeal (case No. 2003–0392).

---

1. Appellant filed a third petition for a writ of habeas corpus as an original action in the Ross County Court of Appeals. The court dismissed the action as barred by res judicata because of the previously filed petition in the Ross County Court of Common Pleas. *Pratts v. Hurley* (Aug. 27, 2002), Ross App. No. 02CA2675.

{¶ 8} Appellant seeks a writ of habeas corpus, which is an extraordinary remedy available where there is an unlawful restraint of a person's liberty and no adequate remedy at law. *Agee v. Russell* (2001), 92 Ohio St.3d 540, 544, 751 N.E.2d 1043; *State ex rel. Larkins v. Baker* (1995), 73 Ohio St.3d 658, 659, 653 N.E.2d 701. Habeas corpus will lie when a judgment is void due to lack of jurisdiction. *Pegan v. Crawmer* (1996), 76 Ohio St.3d 97, 99, 666 N.E.2d 1091. However, it is not the proper remedy for reviewing errors by a court that properly had subject-matter jurisdiction. *Blackburn v. Jago* (1988), 39 Ohio St.3d 139, 529 N.E.2d 929.

{¶ 9} In this case, appellant argues that his conviction and the sentencing order are void because the single judge who entertained his plea of guilty and sentenced him violated R.C. 2945.06 and, therefore, lacked subject-matter jurisdiction. He claims that he is entitled to relief in habeas corpus and immediate release from prison.

{¶ 10} We disagree. There is a distinction between a court that lacks subject-matter jurisdiction over a case and a court that improperly exercises that subject-matter jurisdiction once conferred upon it. Therefore, for the reasons that follow, we hold that the failure of the trial court to convene a three-judge panel, as required by R.C. 2945.06, does not constitute a lack of subject-matter jurisdiction that renders the court's judgment void ab initio and subject to collateral attack in habeas corpus.

{¶ 11} "Jurisdiction" means "the courts' statutory or constitutional power to adjudicate the case." (Emphasis omitted.) *Steel Co. v. Citizens for a Better Environment* (1998), 523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210; *Morrison v. Steiner* (1972), 32 Ohio St.2d 86, 87, 61 O.O.2d 335, 290 N.E.2d 841, paragraph one of the syllabus. The term encompasses jurisdiction over the subject matter and over the person. *State v. Parker*, 95 Ohio St.3d 524, 2002–Ohio–2833, 769 N.E.2d 846, ¶ 22 (Cook, J., dissenting). Because subject-matter jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never be waived and may be challenged at any time. *United States v. Cotton* (2002), 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860; *State ex rel. Tubbs Jones v. Suster* (1998), 84 Ohio St.3d 70, 75, 701 N.E.2d 1002. It is a "condition precedent to the court's ability to hear the case. If a court acts without jurisdiction, then any proclamation by that court is void." Id.; *Patton v. Diemer* (1988), 35 Ohio St.3d 68, 518 N.E.2d 941, paragraph three of the syllabus.

The term "jurisdiction" is also used when referring to a court's exercise of its jurisdiction over a particular case. See *State v. Parker*, 95 Ohio St.3d 524, 2002–Ohio–2833, 769 N.E.2d 846, ¶ 20 (Cook, J., dissenting); *State v. Swiger* (1998), 125 Ohio App.3d 456, 462, 708 N.E.2d 1033. " 'The third category of jurisdiction [i.e., jurisdiction over the particular case] encompasses the trial court's authority to

determine a specific case within that class of cases that is within its subject matter jurisdiction. It is only when the trial court lacks subject matter jurisdiction that its judgment is void; lack of jurisdiction over the particular case merely renders the judgment voidable.'" *Parker* at ¶ 22 (Cook, J., dissenting), quoting *Swiger*, 125 Ohio App.3d at 462, 708 N.E.2d 1033. "Once a tribunal has jurisdiction over both the subject matter of an action and the parties to it, '* * * the right to hear and determine is perfect; and the decision of every question thereafter arising is but the exercise of the jurisdiction thus conferred * * *.'" *State ex rel. Pizza v. Rayford* (1992), 62 Ohio St.3d 382, 384, 582 N.E.2d 992, quoting *Sheldon's Lessee v. Newton* (1854), 3 Ohio St. 494, 499.

{¶ 13} The court of common pleas has original jurisdiction over crimes and offenses committed by an adult, with certain exceptions irrelevant here. R.C. 2931.03. See, also, Section 4(B), Article IV, Ohio Constitution. Appellant does not dispute that his case was properly filed in common pleas court. However, he contends that the different statutory procedures for death penalty cases create a unique form of jurisdiction in the common pleas courts that must be followed in order for the trial court to acquire subject-matter jurisdiction in those cases.

{¶ 14} The applicable statute in this case is R.C. 2945.06, which authorizes a judge of the court in which the case is pending to hear and decide a criminal case where a defendant has waived the right to a jury trial. The statute makes special provisions for the defendant charged with "an offense punishable with death" who has waived a jury trial. In such cases, the defendant "shall be tried by a court to be composed of three judges * * *. * * * If the accused pleads guilty of aggravated murder, a court composed of three judges shall examine the witnesses, determine whether the accused is guilty of aggravated murder or any other offense, and pronounce sentence accordingly." Courts must strictly comply with these procedures. See *State v. Pless* (1996), 74 Ohio St.3d 333, 658 N.E.2d 766 (holding that the written waiver requirements of R.C. 2945.05 must be strictly observed).

{¶ 15} In support of his argument, appellant cites *State v. Parker*. He contends that *Parker* established a bright-line rule that the three-judge panel is a jurisdictional matter that cannot be waived.

{¶ 16} Vincent Parker pleaded guilty to certain charges, including a capital offense, in exchange for the state's agreement not to seek the death penalty. However, the indictment was never amended to delete the death-penalty specification. Parker waived his right to a jury trial and his right to a three-judge panel, and a single trial judge presided over his guilty pleas and pronounced his sentence.

{¶ 17} Parker filed a direct appeal in which he claimed that the sole judge lacked jurisdiction to accept his plea because of the presence of the death-penalty

specification. The court of appeals agreed and vacated his sentence, remanding to the trial court for further proceedings.

{¶ 18} In *Parker*, we affirmed, holding that "[a] defendant charged with a crime punishable by death who has waived his right to trial by jury must, pursuant to R.C. 2945.06 and Crim.R. 11(C)(3), have his case heard and decided by a three-judge panel even if the state agrees that it will not seek the death penalty." Id. at syllabus. *Parker* reasoned that when the death penalty is a sentencing option, a defendant may not waive the three-judge requirement in R.C. 2945.06 and Crim.R. 11(C)(3) because Ohio courts are required to strictly adhere to statutory procedures in capital cases. Id. at ¶ 10; see, also, *Pless*, 74 Ohio St.3d 333, 658 N.E.2d 766, paragraph one of the syllabus. *Parker* called the three-judge requirement a "jurisdictional matter that cannot be waived." *Parker* at ¶ 12, 769 N.E.2d 846, citing *State v. Filiaggi* (1999), 86 Ohio St.3d 230, 239, 714 N.E.2d 867.

{¶ 19} *State v. Filiaggi* also involved the three-judge panel in a capital case. In *Filiaggi*, the defendant was charged with a capital offense and other, noncapital charges. After he waived his right to be tried by a jury, a three-judge panel entered the verdict on the capital charge, but a single judge entered the verdict on the remaining charges.

{¶ 20} *Filiaggi* held that the sole judge lacked authority to enter a verdict on the noncapital charges because R.C. 2945.06 makes no provision for separating capital charges from noncapital charges. Id. at 238–240, 714 N.E.2d 867. R.C. 2945.06 mandates the three-judge panel for any offense in a case where there are death-penalty specifications pending, including the noncapital offenses. Therefore, *Filiaggi* concluded that the three-judge panel was "jurisdictional" and could not be waived. Id. at 239, 714 N.E.2d 867. The court reversed the verdicts on the noncapital offenses only and remanded them for the three-judge panel to consider.

{¶ 21} The references in *Filiaggi* and *Parker* to the jurisdictional nature of the three-judge panel have been misinterpreted. Neither stands for the proposition that a court lacks *subject-matter* jurisdiction in a death penalty case if it fails to convene the three-judge panel upon a defendant's waiver of a jury. Each case was properly commenced in the common pleas court. In each case, the trial court erred by failing to convene the mandatory three-judge panel. The resulting judgments were voidable, not void, and properly challenged on direct appeal. For this reason, we were able to remand both *Filiaggi* and *Parker* for the court below to correct the *error in the exercise of* jurisdiction. Had the trial court lacked subject-matter jurisdiction over the death-penalty case, there could have been no remand. For in the absence of subject-matter jurisdiction, a court lacks

the authority to do anything but announce its lack of jurisdiction and dismiss. *Steel Co.,* 523 U.S. at 94, 118 S.Ct. 1003, 140 L.Ed.2d 210.

{¶ 22} We explained in *Filiaggi* that " '[w]here it is apparent from the allegations that the matter alleged is within the class of cases in which a particular court has been empowered to act, jurisdiction is present. Any subsequent error in the proceedings is only error in the 'exercise of jurisdiction,' as distinguished from the want of jurisdiction in the first instance.' " *Filiaggi,* 86 Ohio St.3d at 240, 714 N.E.2d 867, quoting *In re Waite* (1991), 188 Mich.App. 189, 200, 468 N.W.2d 912. Therefore, jurisdiction had properly vested in the common pleas court. However, by failing to convene the three-judge panel as to all charges, the court had erred in its exercise of jurisdiction over the noncapital charges. *Filiaggi* directed that "[u]pon remand, the trial panel is required to proceed from the point at which the error occurred." *Filiaggi,* 86 Ohio St.3d at 240, 714 N.E.2d 867.

{¶ 23} *Parker* also involved a remand that would have been improper and impossible had the trial court patently and unambiguously lacked subject-matter jurisdiction. Instead, in *Parker,* we affirmed the appellate court's decision to remand for a three-judge panel to correct the *error in the exercise of* its jurisdiction and resentence Parker.

{¶ 24} Although R.C. 2945.06 mandates the use of a three-judge panel when a defendant is charged with a death-penalty offense and waives the right to a jury, the failure to convene such a panel does not divest a court of subject-matter jurisdiction so that a judgment rendered by a single judge is void ab initio. Instead, it constitutes an error in the court's exercise of jurisdiction over a particular case, for which there is an adequate remedy at law by way of direct appeal.

{¶ 25} The misunderstanding over the jurisdictional aspect of R.C. 2945.06 may be traced to *State v. Pless,* 74 Ohio St.3d 333, 658 N.E.2d 766. *Pless* was a death-penalty case that involved the defendant's written waiver of the right to trial by jury under R.C. 2945.05. Although the defendant appeared in court and voluntarily signed a written waiver, it was not filed and did not become a part of the record.

{¶ 26} *Pless,* like *Filiaggi* and *Parker,* was a direct appeal. In *Pless,* we reversed the judgment of the court of appeals, vacated the judgment of the three-judge panel, and *remanded* for a new trial. Because the requirements for jury waiver in R.C. 2945.05 are clear and unambiguous, the court held that "[a]bsent strict compliance with the requirements of R.C. 2945.05, a trial court lacks jurisdiction to try a defendant without a jury." Id. at paragraph one of the syllabus. Yet *Pless* clarified, "The failure to comply with R.C. 2945.05 may be remedied only in a direct appeal from a criminal conviction." Id. at paragraph

two of the syllabus. Therefore, implicit in our remand ruling was the basic premise that the common pleas court had subject-matter jurisdiction over the criminal charges at issue. Because *Pless* involved a remand to the trial court, it was not about the lack of subject-matter jurisdiction but instead involved error in the court's exercise of its jurisdiction.

{¶ 27} The results in *Filiaggi, Parker,* and *Pless* are in contrast to those in which the defendant seeks the extraordinary remedy of habeas corpus. Similar to the facts in *Pless,* in *State ex rel. Larkins v. Baker* (1995), 73 Ohio St.3d 658, 653 N.E.2d 701, the defendant signed a written waiver of a jury trial but it was not filed and made a part of the court's record. Larkins sought a writ of habeas corpus challenging the trial court's jurisdiction to conduct his bench trial. We held that habeas relief was not warranted when the trial court failed to strictly comply with R.C. 2945.05. Instead, the trial court erred by not filing the executed waiver but it did not affect the court's authority to proceed with a bench trial. The failure to file was neither a jurisdictional defect nor an error for which no adequate remedy at law existed. *Larkins,* 73 Ohio St.3d at 660, 653 N.E.2d 701.

{¶ 28} In *State ex rel. Collins v. Leonard* (1997), 80 Ohio St.3d 477, 687 N.E.2d 443, the defendant filed a petition for a writ of habeas corpus, claiming that the trial court lacked jurisdiction to convict him of aggravated murder because the court had failed to comply with R.C. 2945.06's requirement that a three-judge panel examine the witnesses when a capital defendant pleads guilty. We denied relief and held that "an alleged violation of R.C. 2945.06 is not a proper subject for habeas corpus relief and may be remedied only in a direct appeal from a criminal conviction." Id. at 478, 687 N.E.2d 443.

{¶ 29} Similarly, in *Kirklin v. Enlow* (2000), 89 Ohio St.3d 455, 732 N.E.2d 982, the defendant filed a complaint for a writ of prohibition to compel the trial court to vacate his convictions and sentence for aggravated murder and other offenses for failing to convene a three-judge panel to try his case. He argued that the trial court lacked jurisdiction to convict and sentence him. We held that the extraordinary remedy of prohibition would not lie for an alleged violation of R.C. 2945.06. It may be remedied only by way of direct appeal from a criminal conviction.

{¶ 30} Nevertheless, in *State ex rel. Jackson v. Dallman* (1994), 70 Ohio St.3d 261, 638 N.E.2d 563, this court did grant habeas relief, finding that the court of common pleas lacked jurisdiction to try the defendant because his written jury waiver was not in the record as required by R.C. 2945.05. Although this result appears to be contrary to our holding today, *Dallman* included an explicit warning that granting the writ and discharging the defendant from prison "does not preclude the common pleas court from trying [the defendant] again on the

robbery charge." Id. at 263, 638 N.E.2d 563. Had the common pleas court lacked subject-matter jurisdiction over the defendant's case, a retrial would not have been possible. Furthermore, *Larkins* distinguished *Dallman* on its facts and limited the holding of *Dallman* to the extent that it was contrary to *Larkins*. *Larkins* at 661, 653 N.E.2d 701.

{¶ 31} Our analysis today is consistent with the reasoning by the court below. The appellate court noted that, according to *State v. Pless*, failure to comply with jury-waiver requirements in a death-penalty case "may be remedied only in a direct appeal from a criminal conviction." *Pless*, 74 Ohio St.3d 333, 658 N.E.2d 766, paragraph two of the syllabus. The court of appeals concluded, "This resolution strongly suggests that the failure to strictly comply with the statute results in an improper exercise of jurisdiction, not lack of subject-matter jurisdiction." The court further noted that *Filiaggi* also "expressly indicates that the type of error involved is the improper exercise of jurisdiction, which, by definition, is subject only to direct appeal and not collateral attack."

{¶ 32} We concur with the conclusion of the appellate court that *Parker*, *Filiaggi*, and *Pless* stand for the following principles: "1) the statutes require strict compliance, 2) that failure to strictly comply is error in the exercise of jurisdiction, 3) that strict compliance may not be voluntarily waived and is always reversible error on direct appeal, but 4) after direct appeal, any error is, in effect, waived and cannot be remedied through collateral attack."

{¶ 33} Jurisdiction has been described as "a word of many, too many, meanings." *United States v. Vanness* (C.A.D.C.1996), 85 F.3d 661, 663, fn. 2. The term is used in various contexts and often is not properly clarified. This has resulted in misinterpretation and confusion.

{¶ 34} Subject-matter jurisdiction is a court's power over a type of case. It is determined as a matter of law and, once conferred, it remains. Here, the common pleas court had subject-matter jurisdiction over the defendant's criminal case. R.C. 2945.06 establishes procedural requirements that a court must follow in order to properly exercise its subject-matter jurisdiction. Failure to convene the three-judge panel may result in reversible error; however, it does not divest the court of its subject-matter jurisdiction.

{¶ 35} In conclusion, the common pleas court in this case, in the exercise of its jurisdiction over appellant's case, erred when it failed to follow the procedural mandates of R.C. 2945.06 and convene a three-judge panel. Upon entry of judgment, Pratts had a remedy at law in the form of a direct appeal. He is not entitled to habeas corpus relief.

{¶ 36} Therefore, our answer to the certified question is no. The failure of the court to convene a three-judge panel, as required by R.C. 2945.06, does not constitute a lack of subject-matter jurisdiction that renders the trial court's

judgment void ab initio and subject to collateral attack in habeas corpus. It constitutes an error in the court's exercise of jurisdiction that must be raised on direct appeal. We affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, O'CONNOR and O'DONNELL, JJ., concur.

---

Reinhart Law Office and Harry R. Reinhart, for appellant.

Jim Petro, Attorney General, Douglas R. Cole, State Solicitor, Stephen P. Carney, Senior Deputy Solicitor, Diane Richards Brey, Deputy Solicitor, and Diane Mallory, Assistant Attorney General, for appellee.