JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant the State of Ohio appeals from the trial court order that granted defendant-appellee Ryan Vale's application to seal the record of his 1995 convictions for aggravated trespassing and aggravated menacing.
 {¶ 2} The state argues the trial court lacked jurisdiction to issue the order because Vale was convicted of an offense that is precluded from such relief pursuant to R.C. 2953.36(C). The state's argument is persuasive, since aggravated menacing specifically is defined in R.C.2901.01(A)(9)(a) as an "offense of violence."
 {¶ 3} The record reflects that in 1994 Vale originally was indicted on two counts stemming from a single incident; one of the counts charged him with felonious assault. After a lengthy discovery process, in April 1995 Vale entered into a plea agreement with the state. In exchange for Vale's pleas of guilty, the state would amend the charges to the lesser-included first degree misdemeanor offenses of aggravated trespassing in violation of R.C. 2911.21 and aggravated menacing in violation of R.C. 2903.21.
 {¶ 4} The trial court accepted Vale's pleas, found him guilty, and sentenced him to concurrent terms of six months in jail on each charge, but suspended sentence. Vale later paid the fine and costs that the court also imposed upon him.
 {¶ 5} Nearly nine years thereafter, in April 2004, Vale filed an application pursuant to R.C. 2953.32 to seal the record of his convictions, commonly known as an application for "expungement." Vale filed a brief in support of his application in which he misrepresented that he had been convicted of "§ 2903.13, Assault, a misdemeanor of the first degree." At least one appellate court has held that expungement is not precluded for this offense. Dayton v. P.D., 149 Ohio App.3d 684,2002-Ohio-5589.
 {¶ 6} The state responded to Vale's application with a brief in opposition, arguing that pursuant to R.C. 2953.36(C), Vale was not eligible for expungement because his conviction, which was for aggravated menacing in violation of R.C. 2903.21, constituted an "offense of violence."
 {¶ 7} The trial court held a hearing on Vale's application. Defense counsel acknowledged that Vale had been convicted of an offense proscribed from expungement. Counsel urged the trial court to ignore that fact. The trial court agreed that the record of Vale's convictions should be sealed, and issued its order to that effect.
 {¶ 8} The state now appeals with the following assignment of error:
 {¶ 9} "I. A trial court errs in granting a motion to seal the record of conviction when it is without jurisdiction to grant said motion to an applicant who was convicted of a crime of violence, not allowed by R.C. 2953.36."
 {¶ 10} The state argues the trial court's order was improper because Vale's conviction for aggravated menacing is one which cannot be expunged. The state is correct.
 {¶ 11} The record demonstrates the trial court lacked jurisdiction to consider Vale's application. R.C. 2953.36(C) specifies expungement cannot be granted to those persons convicted of an "offense of violence." A conviction for violation of R.C. 2903.21 is defined in R.C.2901.01(A)(9)(a) as an "offense of violence." Therefore, Vale was ineligible for the relief he sought. State v. Simon, 87 Ohio St.3d 531,2000-Ohio-474; State v. Salim, Cuyahoga App. No. 82204, 2003-Ohio-2024.
 {¶ 12} Under these circumstances, the trial court had no authority to order the record of Vale's convictions sealed. Id.
 {¶ 13} Accordingly, the state's assignment of error is sustained.
 {¶ 14} The trial court's order is reversed and vacated. This cause is reversed, vacated and remanded to the lower court for further proceedings consistent with this opinion. It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, J. and Corrigan, J. Concur