OPINION
{¶ 1} Appellant appeals from the judgment of the Trumbull County Court of Common Pleas, which denied her motion to vacate and set aside judgment. We affirm.
 {¶ 2} Appellee filed the instant action in 1981, seeking to set aside a transfer of real estate and foreclose on property previously owned by appellant. Atlantic Richfield Co. v.McClellan (Dec. 7, 1984), 11th Dist. No. 3395, 1984 Ohio App. LEXIS 11805, 1. Appellant failed to appear for trial and the trial court entered judgment for appellee. On September 30, 2004, appellant moved to vacate and set aside the trial court's judgment. Appellant argued that because appellee failed to move for judgment on the pleadings or for summary judgment, the trial court lacked jurisdiction to enter judgment. The trial court denied appellant's motion and appellant filed a timely appeal raising one assignment of error:
 {¶ 3} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FAILING TO SET ASIDE A VOID JUDGMENT WHERE THE COURT HAD ACTED OUTSIDE ITS JURISDICTION, WITHOUT JURISDICTION, CONTRARY TO LAW BY SUA SPONTE GRANTING JUDGMENT IN PLAINTIFF'S FAVOR WHERE PLAINTIFF HAD FAILED TO FILE ANY DISPOSITIVE PLEADINGS, AND HAD FAILED TO PROSECUTE ITS CASE."
 {¶ 4} Appellant's brief argues the trial court lacked subject matter jurisdiction to enter judgment against her because appellee had not filed any dispositive pleading. Subject matter jurisdiction is a court's power to hear a particular case.Pratts v. Hurley, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 11. Here, appellant fails to present any evidence to demonstrate the trial court lacked the power to hear the case at issue; she simply challenges the manner in which judgment was rendered against her. This does not invoke a claim of lack of subject matter jurisdiction. To the extent this appeal concerns the manner in which the trial court rendered judgment against appellant, those claims are barred by the doctrine of res judicata as they were addressed or could have been raised in appellant's first appeal to this court. See, Atlantic RichfieldCo., supra.
 {¶ 5} For the foregoing reasons, appellant's sole assignment of error is without merit, and the judgment of the Trumbull County Court of Common Pleas is affirmed.
Donald R. Ford, P.J.,
Colleen M. O'Toole, J., concur.