DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Defendant Steve A. Myers II was convicted of two felonies following a trial to the court. Immediately before the commencement of that trial, Mr. Myers completed a written jury waiver and stated on the record that he was waiving his right to jury trial. The written waiver, however, was never filed. On appeal, he has argued that his convictions must be reversed and this matter remanded for a new trial, because he did not properly waive his right to jury trial. He has also argued that his convictions are not supported by sufficient evidence and are against the manifest weight of the evidence. This Court reverses Mr. *Page 2 
Myers's convictions because the State has conceded that Mr. Myers's attempted jury waiver was ineffective and that, therefore, his convictions must be reversed.
 I. A. {¶ 2} Mr. Myers's first assignment of error is that his jury waiver was ineffective and that, therefore, his convictions must be reversed and this matter remanded for a new trial. The State has conceded that this assignment of error must be sustained.
 {¶ 3} Section 2945.05 of the Ohio Revised Code provides that a defendant can waive his right to jury trial and mandates that the waiver be in writing, signed by the defendant, filed with the clerk, and made a part of the record. In State v. Pless, 74 Ohio St. 3d 333, paragraph one of the syllabus (1996), the Ohio Supreme Court held that, in the absence of strict compliance with Section 2945.05, a trial court is without jurisdiction to conduct a trial to the court. In Pratts v. Hurley,102 Ohio St. 3d 81, 2004-Ohio-1980, at ¶ 12, 25, 26, the Supreme Court clarified its holding in Pless by holding that failure to strictly comply with Section 2945.05 results in a defect in the trial court's exercise of its jurisdiction that renders its judgment voidable.
 {¶ 4} In this case, Mr. Myers stated on the record that he was waiving his right to jury trial. He also completed a written jury waiver, which is among the documents contained in the file provided this Court by the clerk of the trial court. *Page 3 
The written waiver, however, was never file stamped or entered on the docket. Accordingly, as conceded by the State, there is a defect in the trial court's exercise of its jurisdiction in this case. See State v.Haught, 670 N.E.2d 232, 1996-Ohio-353, rev'g 9th Dist. No. 16848,1995 WL 324051 (May 31, 1995). Mr. Myers's first assignment of error is sustained.
 B. {¶ 5} Mr. Myers's second assignment of error is that his convictions are not supported by sufficient evidence and are against the manifest weight of the evidence. In light of the disposition of his first assignment of error, this assignment of error is moot and is overruled on that basis. See App.R. 12(A)(1)(c).
 II. {¶ 6} Mr. Myers's first assignment of error is sustained and his second assignment of error is overruled as moot. The judgment of the trial court is reversed and this matter is remanded for further proceedings.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into *Page 4 
execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellee.
 WHITMORE, P. J. MOORE, J. CONCUR *Page 1