{¶ 19} I respectfully dissent from the majority decision reached in this case. The trial court was without authority to vacate its original order granting judicial release. The salient issue is whether an error in procedure, even when the procedure is mandated by statute, renders the judgment void or merely voidable.
 {¶ 20} The Supreme Court of Ohio has addressed this issue on two recent occasions. In State v. Payne, 114 Ohio St.3d 502, 2007-Ohio-4642, the court stated, "[i]n reality, void and voidable sentences are distinguishable. A void sentence is one that a court imposes despite lacking subject-matter jurisdiction or the authority to act. Conversely, a voidable sentence is one that a court has jurisdiction to impose, but was imposed irregularly or erroneously." Id. at 4|27 (internal citations omitted).
 {¶ 21} In the case of In re J.J., 111 Ohio St.3d 205, 2006-Ohio-5484, the court addressed the "void or voidable" issue in a civil context, and again based its analysis on subject-matter jurisdiction stating, "[i]t is only when the trial court lacks subject matter jurisdiction that its judgment is void; lack of jurisdiction over the particular *Page 9 
case merely renders the judgment voidable." Id. at [10, citingPratts v. Hurley, 102 Ohio St.3d 81, 2004-Ohio-1980.
 {¶ 22} The distinction is crucial because if the judgment is void, then the trial court has the authority to vacate the order to correct its error. However, if the judgment is not void but voidable, the judgment is final and the error can only be challenged on direct appeal.
 {¶ 23} The trial court's modification of a criminal sentence through judicial release is authorized by R.C. 2929.20. In the case at bar, the motion for judicial release was timely filed by an eligible offender, vesting the trial court with subject-matter jurisdiction and authority to act. The state timely filed its objection to the motion. The trial court, therefore, had jurisdiction over the parties. While there is little doubt that the trial court committed a procedural error by failing to notify the state of the judicial release hearing, the procedural error was not one that divested the court of jurisdiction. The fact that the court acted irregularly or erroneously in the exercise of its jurisdiction means that its judgment was voidable, not void. The only way for the state to challenge the judgment was through a direct appeal as authorized under R.C. 2953.08(B)(3). *Page 1