OPINION
{¶ 1} Respondent-appellant, the state of Ohio, appeals from a judgment of the Franklin County Court of Common Pleas granting the application for expungement of applicant-appellee, Justin L. Black. Appellant assigns a single error:
 THE TRIAL COURT ERRED WHEN IT GRANTED APPELLEE'S APPLICATION TO SEAL THE RECORD OF HIS CRIMINAL CONVICTION AS R.C. 2953.36(C) BARS SEALING THE RECORD OF AN OFFENSE OF VIOLENCE. *Page 2 
Because the trial court erred in granting appellee's application to seal the record of his criminal conviction, we reverse.
 {¶ 2} By indictment filed October 9, 2002, appellee was charged with one count of kidnapping in violation of R.C. 2905.01, and one count of attempted rape in violation of R.C. 2923.02 as it relates to R.C. 2907.02. On March 27, 2003, appellee entered a guilty plea to aggravated assault in violation of R.C 2903.12, a stipulated lesser-included offense of Count 1 of the indictment. By entry filed May 13, 2003, the trial court sentenced appellee to four years of "Community Control/Basic Supervision," imposing not only the general requirements of community control but specific conditions as well.
 {¶ 3} On October 10, 2007, appellee filed, pursuant to R.C. 2953.32(A), an application for an order sealing the record of his conviction. At the bottom of his application the following is noted: "*Deft[.] was notified violent offenses do not qualify for expungement." The state filed an objection to appellee's application on November 30, 2007, contending appellee is ineligible for expungement because his prior offense is an offense of violence and, by virtue of R.C. 2953.36(C), the expungement provisions in R.C. 2953.32(A) do not apply.
 {¶ 4} On December 14, 2007, the trial court conducted a hearing on appellee's application where both parties were present. At the conclusion of the hearing, the court granted the expungement. Appellant appeals, contending the trial court erred in granting appellee's application for expungement when his prior conviction involved an offense of violence.
 {¶ 5} "The first basic principle is that expungement is an act of grace created by the state and is a privilege, not a right." State v.Winship, Franklin App. No. 04AP-384, *Page 3 2004-Ohio-6360, at ¶ 8, citing State v. Simon (2000), 87 Ohio St.3d 531,533. Thus, "[e]xpungement should be granted only when all requirements for eligibility are met." Simon, supra, citing State v. Hamilton (1996),75 Ohio St.3d 636, 640 (noting that "the government possesses substantial interest in ensuring that expungement is granted only to those who are eligible"). According to R.C. 2953.32(A), an applicant must be a "first offender" in order to qualify for expungement. R.C. 2953.31(A) defines a first offender, as relevant to this case, as one "who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction." Appellant does not dispute that appellee is a first offender with no pending criminal matters who waited the statutorily prescribed period before applying for expungement.
 {¶ 6} Rather, appellant relies on R.C. 2953.36(C), which states that the provisions of R.C. 2953.31 to 2953.35 do not apply to "[c]onvictions of an offense of violence when the offense is a * * * felony and when the offense is not a violation of section R.C. 2917.03 * * * ." R.C. 2901.01(A)(9) defines an offense of violence to include a violation of R.C. 2903.12. Thus, even though appellee is a first-offender, he is ineligible for expungement because he was convicted of an offense of violence. State v. Miller, Franklin App. No. 06AP-192, 2006-Ohio-5954.
 {¶ 7} At the hearing before the trial court, the court and parties discussed the possibility that the provision of R.C. 2953.36(C) at issue was inserted into the statute subsequent to appellee's offense and, as appellee asserted, did not apply to his application. Appellee, however, correctly notes on appeal that the statute was amended to include the provision concerning a prior offense of violence before appellee committed the offense for which he was convicted. Because the Ohio Supreme Court held in the *Page 4 
second paragraph of the syllabus of State v. LaSalle, 96 Ohio St.3d 178,2002-Ohio-4009, that "[t]he statutory law in effect at the time of the filing of an R.C. 2953.32 application to seal a record of conviction is controlling," appellee properly does not dispute that "there were statutory problems" with appellee's request for expungement. (Appellee's brief, 4.) Appellee, however, contends the actions of the prosecution at the hearing before the trial court undermine appellant's attempt to have the trial court's decision reversed.
 {¶ 8} At the hearing on appellee's application, the trial court attempted to recall the proceedings on appellee's guilty plea. The court posed two possible scenarios underlying the guilty plea: either the state agreed to reduce the offense to something that could be expunged, or the court advised appellee that if he had no further offenses for three years, the court would expunge appellee's conviction. The prosecution admitted it did not "know what happened." (Tr. 3.) The trial court ultimately concluded "that at the time the plea was entered the reason this reduction occurred and the way it occurred was so that this could be expunged at a future date." (Tr. 5.)
 {¶ 9} Having so determined, the trial court advised that "[e]ither the State is going to withdraw its objection to all of this and allow the expungement, or [appellee] is going to come back in here with a motion to withdraw his guilty plea * * *." (Tr. 5-6.) If the latter, the court decided everyone would "go back to square one, and at that point I would think that the State would reduce this to something that is expungeable in order to make good on their promise that they made in the first place." (Tr. 6.) In response, the prosecution stated it would "rely on the representation. If we made the promise, we have to honor it, so we'll withdraw based on the Court's representation." Id. After looking at the transcripts appellee *Page 5 
brought to the hearing, the court stated "[t]here is no mention in here, but I have the memory that * * * a victim in this case * * * was completely uncooperative with the State." (Tr. 7.)
 {¶ 10} The parties dispute the effect of the prosecution's statement at the expungement hearing. Appellee contends any deficiencies in his meeting the statutory criteria render the trial court's judgment merely voidable, and the prosecution waived any error when it withdrew its objection to the expungement application. Appellant, by contrast, contends the prosecution's comments are irrelevant, as the trial court lacked jurisdiction to adjudicate the expungement application where the crime to be expunged was an offense of violence. As a result, appellant asserts, the entire judgment is void.
 {¶ 11} Jurisdiction refers to "`the courts' statutory or constitutional power to adjudicate the case.'" Pratts v. Hurley,102 Ohio St.3d 81, 2004-Ohio-1980, at ¶ 11, quoting Steel Co. v. Citizensfor a Better Environment (1998), 523 U.S. 83, 89; Morrison v.Steiner (1972), 32 Ohio St.2d 86, 87. The term encompasses jurisdiction over the subject matter and over the person. Id. Because subject-matter jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never be waived and may be challenged at any time. It is a "`condition precedent to the court's ability to hear the case. If a court acts without jurisdiction, then any proclamation by that court is void.'" Pratts, supra, quoting State ex rel. Jones v. Suster (1998),84 Ohio St.3d 70, 75, citing Patton v. Diemer (1988), 35 Ohio St.3d 68.
 {¶ 12} Jurisdiction, however, also refers to a court's exercising its jurisdiction over a particular case. Pratts, at ¶ 12. Jurisdiction over a particular case encompasses the trial court's authority to determine a specific case within the class of cases that is within its *Page 6 
subject matter jurisdiction. Id. When a trial court lacks subject-matter jurisdiction, its judgment is void; lack of jurisdiction over the particular case merely renders the judgment voidable. Id.
 {¶ 13} The parties agree that if the court lacked subject-matter jurisdiction, the judgment of the trial court necessarily would be void and must be reversed; the disagreement lies in whether the judgment is void for lack of subject-matter jurisdiction or voidable for lack of jurisdiction over the particular case. In this case, we need not resolve whether the trial court's judgment is void or voidable, because even if the judgment is voidable, the error is not waivable. In delineating the dichotomy between subject-matter jurisdiction and jurisdiction of the particular case, the Supreme Court noted four principles: "1) the statutes require strict compliance, 2) that failure to strictly comply is error in the exercise of jurisdiction, 3) that strict compliance may not be voluntarily waived and is always reversible error on direct appeal, but 4) after direct appeal any error is, in effect, waived and cannot be remedied through collateral attack." Pratts, supra, at ¶ 32. Accordingly, the prosecution's decision to withdraw its objection to appellee's expungement application, even if it be properly characterized as a waiver, does not waive the issue of compliance underPratts.
 {¶ 14} Appellee contends that even if waiver does not apply, the doctrine of invited error precludes our concluding that non-compliance with the statutory criteria is reversible error. The "doctrine provides that `a party is not permitted to take advantage of an error that he himself invited or induced the court to make.'" Bd. of Clark Cty.Commrs. v. Newberry, Clark App. No. 2002-CA-15, 2002-Ohio-6087 at ¶ 16, quoting Davis v. Wolfe (2001), 92 Ohio St.3d 549, 552. *Page 7 
 {¶ 15} The doctrine of invited error does not apply here. The prosecution did not ask the trial court to ignore the statutory criteria. To the contrary, the trial court requested, in effect, that the prosecution withdraw its objection premised on the court's recollection of the plea proceedings. Indeed, the court not only requested such action from the prosecution but made clear that the prosecution's failure to cooperate would be futile. Under such circumstances, invited error doctrine does not apply. SeeNewberry, supra (concluding the doctrine did not apply where the party did not request the trial court's ruling, but argued against it).
 {¶ 16} In the final analysis, if the judgment is void for lack of subject-matter jurisdiction, the judgment must be reversed. Alternatively, if the court had subject-matter jurisdiction but lacked jurisdiction of the particular case, the judgment nonetheless must be reversed because (1) the court failed to comply with the statutory criteria, (2) the error is not waivable, and (3) the invited error doctrine does not apply on the facts of this case. Accordingly, we sustain appellant's single assignment of error, reverse the judgment of the trial court, and remand with instructions to deny the requested expungement.
Judgment reversed and case remanded with instructions.
 McGRATH, P.J., and KLATT, J., concur. *Page 1