[Cite as *State ex rel. Thomas v. Scott*, 2014-Ohio-3250.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [State of Ohio ex rel. James Thomas of<br>The House McBride, | : | |
| | : | |
| Petitioner, | : | No.  13AP-887 |
| | : | (REGULAR CALENDAR) |
| v. | : | |
| Franklin County Sheriff Zach Scott, | : | |
| Respondent.] | : | |

D E C I S I O N

Rendered on July 24, 2014

*James Thomas of The House McBride,* pro se.

*Ron O'Brien*, Prosecuting Attorney, and *Jeffrey C. Rogers,*
for respondent.

IN HABEAS CORPUS

BROWN, J.

{¶ 1}   Relator, James Thomas of The House McBride, has filed this original action requesting that this court issue a writ of habeas corpus ordering respondent, Franklin County Sheriff Zach Scott, to release him from custody.

{¶ 2}   This matter was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals. The magistrate issued the appended decision, including findings of fact and conclusions of law, and recommended that this court grant summary judgment in favor of respondent. No objections have been filed to that decision.

{¶ 3}   As there have been no objections filed to the magistrate's decision, and it contains no error of law or other defect on its face, based on an independent review of the file, this court adopts the magistrate's decision. Respondent's motion for summary judgment is granted.

*Motion for summary judgment granted; action dismissed.*

**TYACK and CONNOR, JJ., concur.**

_____

[Cite as *State ex rel. Thomas v. Scott*, 2014-Ohio-3250.]

# APPENDIX

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [State of Ohio ex rel. James Thomas of The House McBride, | : | |
| | : | |
| Petitioner, | : | No. 13AP-887 |
| | : | |
| | : | (REGULAR CALENDAR) |
| v. | : | |
| Franklin County Sheriff Zach Scott, | : | |
| Respondent.] | : | |

---

### MAGISTRATE'S DECISION

### Rendered on December 9, 2013

---

*James Thomas of The House McBride,* pro se.

*Ron O'Brien,* Prosecuting Attorney, and *Jeffrey C. Rogers,* for respondent.

---

### IN HABEAS CORPUS
### ON MOTION FOR SUMMARY JUDGMENT

{¶ 4} Relator, James Thomas of The House McBride, has filed this original action requesting that this court issue a writ of habeas corpus ordering respondent, Franklin County Sheriff Zach Scott, to release him from custody.

**Findings of Fact:**

{¶ 5}  1.  On October 17, 2013, relator filed this habeas corpus action asserting that he was "[c]urrently being held at the Franklin County Correctional Facility I, 370 S. Front Street, Columbus, Ohio 43215."  Relator asserted that neither the State of Ohio nor the State of South Carolina, nor the United States of America had jurisdiction over him for the following reasons:

> As Divine Spirit incarnate as man, Petitioner duly notified agents and agencies of the STATE OF OHIO, STATE OF SOUTH CAROLINA and the UNITED STATES numerous times of his lawful standing as Divine Spirit incarnate. Notice to Principal is notice to agent. Notice to agent is notice to principal.

(Emphasis sic.)

{¶ 6}  2. On November 5, 2013, respondent filed a motion to dismiss relator's action on the following grounds:

> Petitioner was arrested on September 12, 2013 by Dublin Police Department pursuant to a warrant from the State of South Carolina. He was placed in the Franklin County Jail on September 12, 2013. He was released for extradition to the State of South Carolina on October 29th, 2013. He is no longer in the custody of Franklin County (see attached affidavit, Exhibit #1)[.]

{¶ 7}  3.  Respondent attached the affidavit of Major Chad Thompson.  In that affidavit, Major Thompson avers as follows:

> [Two] I have been employed with the Franklin County Sheriff's Office since August 17, 1992.
>
> [Three] My current rank is Major.
>
> [Four] I have held the rank of Major since September 5, 2012.
>
> [Five] My duties as Major include overseeing the day to day operations of the Franklin County Corrections Center I ("Main Jail"), located at 370 S. Front St., Columbus, Ohio, 43215, and any other duties assigned to me by superior officers.
>
> [Six] On September 12, 2013, James Thomas McBride was incarcerated in Franklin County.

[Seven] On October 29, 2013, James Thomas McBride was released for extradition to the State of South Carolina.

{¶ 8}   4. Because respondent's motion to dismiss attached matters that were outside the record, the magistrate converted the motion to one for summary judgment and scheduled it for submission on November 22, 2013.

{¶ 9}   5. The matter is currently before the magistrate on respondent's motion for summary judgment.

Conclusions of Law:

{¶ 10} For the reasons that follow, it is this magistrate's decision that this court should grant summary judgment in favor of respondent.

{¶ 11} A motion for summary judgment requires the moving party to set forth the legal and factual basis supporting the motion.  To do so, the moving party must identify portions of the record which demonstrate the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280 (1996).  Accordingly, any party moving for summary judgment must satisfy a three-prong inquiry showing: (1) that there is no genuine issue as to any material facts; (2) that the parties are entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, which conclusion is adverse to the party against whom the motion for summary judgment is made.  *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64 (1978).

{¶ 12} A writ of habeas corpus is an extraordinary remedy that is available only in cases "where there is an unlawful restraint of a person's liberty and no adequate remedy at law." *Pratts v. Hurley,* 102 Ohio St.3d 81, 2004-Ohio-1980.  Inasmuch as relator is no longer in respondent's custody, respondent cannot release relator from custody. Inasmuch as there is no relief which this court can provide relator, the magistrate agrees with respondent that relator's habeas corpus petition is moot and this court should grant summary judgment in favor of respondent.

/S/ MAGISTRATE
STEPHANIE BISCA BROOKS

NOTICE TO THE PARTIES

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).