[Cite as *State v. Sklenka*, 2015-Ohio-5104.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellant | Hon. Sheila G. Farmer, J. |
| | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 15-CA-007, 15-CA-008 |
| RICHARD J. SKLENKA | |
| Defendant-Appellee | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Municipal Court, Holmes County, Case No. 05CRB060 |
| JUDGMENT: | Reversed |
| DATE OF JUDGMENT ENTRY: | December 7, 2015 |
| APPEARANCES: | |

| For Plaintiff-Appellant | For Defendant-Appellee |
|---|---|
| STEVE KNOWLING | LUKE T. BREWER |
| Prosecuting Attorney | Miller, Mast, Mason & Bowling, Ltd. |
| 164 East Jackson Street | 88 South Monroe St. |
| Millersburg, Ohio 44654 | Millersburg, Ohio 44654 |

*Hoffman, P.J.*

**{¶1}** Plaintiff-appellant the state of Ohio appeals the April 1, 2015 Judgment Entry entered by the Holmes County Municipal Court granting an Application to Seal Criminal Record filed by Defendant-appellee Richard J. Sklenka.

STATEMENT OF THE CASE[1]

**{¶2}** On February 23, 2005, Appellee was convicted of aggravated menacing, in violation of R.C. 2903.21(A). On February 19, 2015, Appellee filed an Application to Seal Criminal Record in the Holmes County Municipal Court.

**{¶3}** The trial court set the application to seal criminal record for an oral hearing on April 1, 2015. The trial court granted the application via Judgment Entry of the same date.

**{¶4}** Appellant the state of Ohio appeals, assigning as error:

**{¶5}** "I. THE TRIAL COURT LACKED JURISDICTION TO GRANT APPELLEE'S APPLICATION FOR RELIEF UNDER OHIO REV. CODE §2953.32 AS THE UNDERLYING OFFENSE COMMITTED BY APPELLEE WAS AGGRAVATED MENACING (OHIO REV. CODE §2903.21), A STATUTORILY DEFINED 'OFFENSE OF VIOLENCE'."

I.

**{¶6}** The state of Ohio argues Appellee is, as a matter of law, conclusively ineligible from having his conviction expunged and his record sealed under the provisions of R.C. 2953.32 because aggravated menacing is an offense of violence pursuant to R.C.

---

[1] A rendition of the underlying facts is unnecessary for our resolution of this appeal.

2953.32 and R.C. 2903.21.   Offenses of violence are specifically excluded from expungement and sealing under R.C. 2953.36(C).  Accordingly, the state concludes the trial court was without jurisdiction to grant Appellee relief under R.C. 2953.32.  We agree.

{¶7}   R.C. 2953.32 provides, in pertinent part,

(A)(1) Except as provided in section 2953.61 of the Revised Code, an eligible offender may apply to the sentencing court if convicted in this state, or to a court of common pleas if convicted in another state or in a federal court, for the sealing of the record of the case that pertains to the conviction. Application may be made at the expiration of three years after the offender's final discharge if convicted of a felony, or at the expiration of one year after the offender's final discharge if convicted of a misdemeanor.

\*\*\*

(C)(1) The court shall do each of the following:

(a) Determine whether the applicant is an eligible offender or whether the forfeiture of bail was agreed to by the applicant and the prosecutor in the case.

{¶8}   R.C. 2953.36 governs Convictions Precluding Sealing, providing,

(A) Convictions when the offender is subject to a mandatory prison term;

\*\*\*

(C) Convictions of an offense of violence when the offense is a misdemeanor of the first degree or a felony and when the offense is not a violation of section 2917.03 of the Revised Code and is not a violation of

section 2903.13, 2917.01, or 2917.31 of the Revised Code that is a misdemeanor of the first degree;

**{¶9}**  R.C. 2903.21 defining aggravated menacing, provides,

(B) Whoever violates this section is guilty of aggravated menacing. Except as otherwise provided in this division, aggravated menacing is a misdemeanor of the first degree. If the victim of the offense is an officer or employee of a public children services agency or a private child placing agency and the offense relates to the officer's or employee's performance or anticipated performance of official responsibilities or duties, aggravated menacing is a felony of the fifth degree or, if the offender previously has been convicted of or pleaded guilty to an offense of violence, the victim of that prior offense was an officer or employee of a public children services agency or private child placing agency, and that prior offense related to the officer's or employee's performance or anticipated performance of official responsibilities or duties, a felony of the fourth degree.

**{¶10}**  At the April 1, 2015 Expungement Hearing, the following exchange occurred on the record,

THE COURT: Richard Sklenka, got bad news.  You don't qualify.  It's a crime of violence.  I mean you have no other charges, you have no other pending.

MR. ESTILL: Your Honor, it appears the only thing he has on his record is (inaudible) Vandalisim [sic].

THE COURT: But unfortunately you're not eligible to have it expunged because it was Aggravated Menacing.

* * *

MR. SKLENKA: But I had done a brake job on this guy and I went to try to block him when he passed me. What I did wrong was in a split second. You know, that was ten (10) years ago and for the for me to be kind of labeled as that for the rest of my life. And I'm fifty-six (56) just trying to get a job and it's really difficult to do with that there.

THE COURT: Anything further.

MS. WILLIAMS: Your Honor I just asked the probation officer if I understand by law it can't be. I don't know if it's discretionary with the Court. The State wouldn't object.

THE COURT: Every time I try something somebody in your office appeals.

MS. WILLIAMS: Uh, I'm not going to appeal it.

THE COURT: Well I know it was not ever you it was somebody else in the office.

Tr. at p. 2.

{¶11} The trial court proceeded in granting the application to seal.

{¶12} In *State v. Vale*, 8th Dist. No. 85425, 2005-Ohio-3725, the Eighth District Court of Appeals addressed the issue raised herein,

The record demonstrates the trial court lacked jurisdiction to consider Vale's application. R.C. 2953.36(C) specifies expungement cannot be granted to those persons convicted of an "offense of violence." A conviction for violation of R.C. 2903.21 is defined in R.C. 2901.01(A)(9)(a) as an "offense of violence." Therefore, Vale was ineligible for the relief he sought.

*State v. Simon,* 87 Ohio St.3d 531, 721 N.E.2d 1041, 2000–Ohio–474; *State v. Salim,* Cuyahoga App. No. 82204, 2003–Ohio–2024.

Under these circumstances, the trial court had no authority to order the record of Vale's convictions sealed. Id.

In *In Re Black*, 10th Dist. No. 08 AP 37, 2008 Ohio 4687,

"The first basic principle is that expungement is an act of grace created by the state and is a privilege, not a right." *State v. Winship,* Franklin App. No. 04AP-384, 2004-Ohio-6360, at ¶ 8, citing *State v. Simon* (2000), 87 Ohio St.3d 531, 533, 721 N.E.2d 1041. Thus, "[e]xpungement should be granted only when all requirements for eligibility are met." *Simon,* supra, citing *State v. Hamilton* (1996), 75 Ohio St.3d 636, 640, 665 N.E.2d 669 (noting that "the government possesses substantial interest in ensuring that expungement is granted only to those who are eligible").

\*\*\*

The parties dispute the effect of the prosecution's statement at the expungement hearing. Appellee contends any deficiencies in his meeting the statutory criteria render the trial court's judgment merely voidable, and the prosecution waived any error when it withdrew its objection to the expungement application. Appellant, by contrast, contends the prosecution's comments are irrelevant, as the trial court lacked jurisdiction to adjudicate the expungement application where the crime to be expunged was an offense of violence. As a result, appellant asserts, the entire judgment is void.

Jurisdiction refers to "'the courts' statutory or constitutional power to adjudicate the case.'" *Pratts v. Hurley,* 102 Ohio St.3d 81, 806 N.E.2d 992, 2004-Ohio-1980, at ¶ 11, quoting *Steel Co. v. Citizens for a Better Environment* (1998), 523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210; *Morrison v. Steiner* (1972), 32 Ohio St.2d 86, 87, 290 N.E.2d 841. The term encompasses jurisdiction over the subject matter and over the person. *Id.* Because subject-matter jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never be waived and may be challenged at any time. It is a " 'condition precedent to the court's ability to hear the case. If a court acts without jurisdiction, then any proclamation by that court is void.'" *Pratts,* supra, quoting *State ex rel. Jones v. Suster* (1998), 84 Ohio St.3d 70, 75, 701 N.E.2d 1002, citing *Patton v. Diemer* (1988), 35 Ohio St.3d 68, 518 N.E.2d 941.

Jurisdiction, however, also refers to a court's exercising its jurisdiction over a particular case. *Pratts,* at ¶ 12. Jurisdiction over a particular case encompasses the trial court's authority to determine a specific case within the class of cases that is within its subject matter jurisdiction. *Id.* When a trial court lacks subject-matter jurisdiction, its judgment is void; lack of jurisdiction over the particular case merely renders the judgment voidable. *Id.*

The parties agree that if the court lacked subject-matter jurisdiction, the judgment of the trial court necessarily would be void and must be reversed; the disagreement lies in whether the judgment is void for lack of

subject-matter jurisdiction or voidable for lack of jurisdiction over the particular case. In this case, we need not resolve whether the trial court's judgment is void or voidable, because even if the judgment is voidable, the error is not waivable. In delineating the dichotomy between subject-matter jurisdiction and jurisdiction of the particular case, the Supreme Court noted four principles: "1) the statutes require strict compliance, 2) that failure to strictly comply is error in the exercise of jurisdiction, 3) that strict compliance may not be voluntarily waived and is always reversible error on direct appeal, but 4) after direct appeal any error is, in effect, waived and cannot be remedied through collateral attack." *Pratts,* supra, at ¶ 32. Accordingly, the prosecution's decision to withdraw its objection to appellee's expungement application, even if it be properly characterized as a waiver, does not waive the issue of compliance under *Pratts.*

Appellee contends that even if waiver does not apply, the doctrine of invited error precludes our concluding that non-compliance with the statutory criteria is reversible error. The "doctrine provides that 'a party is not permitted to take advantage of an error that he himself invited or induced the court to make.'" *Bd. of Clark Cty. Commrs. v. Newberry,* Clark App. No.2002-CA-15, 2002-Ohio-6087 at ¶ 16, quoting *Davis v. Wolfe* (2001), 92 Ohio St.3d 549, 552, 751 N.E.2d 1051.

The doctrine of invited error does not apply here. The prosecution did not ask the trial court to ignore the statutory criteria. To the contrary, the trial court requested, in effect, that the prosecution withdraw its objection

premised on the court's recollection of the plea proceedings. Indeed, the court not only requested such action from the prosecution but made clear that the prosecution's failure to cooperate would be futile. Under such circumstances, invited error doctrine does not apply. See *Newberry,* supra (concluding the doctrine did not apply where the party did not request the trial court's ruling, but argued against it).

In the final analysis, if the judgment is void for lack of subject-matter jurisdiction, the judgment must be reversed. Alternatively, if the court had subject-matter jurisdiction but lacked jurisdiction of the particular case, the judgment nonetheless must be reversed because (1) the court failed to comply with the statutory criteria, (2) the error is not waivable, and (3) the invited error doctrine does not apply on the facts of this case.***

**{¶13}**  Pursuant to the case law set forth above, we find the trial court lacked jurisdiction to seal Appellant's criminal record herein.   Here, the trial court was without jurisdiction to seal the offense of violence.  The state of Ohio did not ask the trial court to ignore the statutory criteria; rather, the prosecutor stated she would not appeal an error.[2] The April 1, 2015 Judgment Entry of the Holmes County Municipal Court is reversed.

By: Hoffman, P.J.

Farmer, J.  and

Baldwin, J. concur

---

[2] Though the state of Ohio has reneged on its representation not to appeal, we do not find that to have invited the error complained of herein.