[Cite as *State ex rel. Gutierrez v. Warden, Belmont Corr. Inst.*, 2021-Ohio-957.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Omar Gutierrez, | : | |
| Petitioner, | : | |
| v. | : | No. 20AP-384 |
| Warden, Belmont Correctional [Institution], | : | (REGULAR CALENDAR) |
| Respondent. | : | |

D E C I S I O N

Rendered on March 25, 2021

**On brief:** *Omar Gutierrez,* pro se.

**On brief:** *Dave Yost,* Attorney General, and *Mary Anne Reese,* for respondent.

IN HABEAS CORPUS
ON RESPONDENT'S MOTION TO DISMISS

LUPER SCHUSTER, J.

{¶ 1}  Petitioner, Omar Gutierrez, has filed an original action requesting this court issue a writ of habeas corpus. This matter was referred to a magistrate of this court pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals.  The magistrate issued the appended decision, including findings of fact and conclusions of law, recommending this court dismiss the petition for a writ of habeas corpus.  No objections to that decision have been filed.

{¶ 2}  Finding no error of law or other defect on the face of the magistrate's decision, this court adopts the magistrate's decision as our own, including the findings of fact and

conclusions of law.  In accordance with the magistrate's decision, we grant respondent's motion to dismiss.  Accordingly, we dismiss the petition for a writ of habeas corpus.

*Motion to dismiss granted;*
*petition for habeas corpus dismissed.*

BROWN and BROGAN, JJ., concur.

BROGAN, J., retired, formerly of the Second Appellate District, assigned to active duty under authority of the Ohio Constitution, Article IV, Section 6(C).

## APPENDIX

### IN THE COURT OF APPEALS OF OHIO

### TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Omar Gutierrez, | : | |
| Petitioner, | : | |
| v. | : | No. 20AP-384 |
| Warden, Belmont Correctional [Institution], | : | (REGULAR CALENDAR) |
| Respondent. | : | |

### M A G I S T R A T E ' S   D E C I S I O N

#### Rendered on October 1, 2020

*Omar Gutierrez,* pro se.

*Dave Yost,* Attorney General, and *Mary Anne Reese,* for respondent.

### IN HABEAS CORPUS
### ON RESPONDENT'S MOTION TO DISMISS

{¶ 3} Petitioner, Omar Gutierrez, has filed this original action requesting that this court issue a writ of habeas corpus. The named respondent is David W. Gray, Warden, Belmont Correctional Institution.

Findings of Fact:

{¶ 4} 1. Petitioner is an inmate currently incarcerated at Belmont Correctional Institution.

{¶ 5} 2. Belmont Correctional Institution is located in Belmont County, Ohio.

{¶ 6} 3. On August 12, 2020, petitioner filed a petition for a writ of habeas corpus in the Tenth District Court of Appeals, alleging his warrantless arrest was without probable cause and he was held in jail without lawful process.

{¶ 7} 4. The Tenth District Court of Appeals is located in Franklin County, Ohio.

{¶ 8} 5. On August 26, 2020, respondent filed a motion to dismiss, asserting that petitioner failed to file his petition in the proper county, pursuant to R.C. 2725.03.

{¶ 9} 6. The matter is currently before the magistrate on respondent's motion to dismiss.

Conclusions of Law:

{¶ 10} For the reasons that follow, it is this magistrate's decision that this court should grant respondent's motion and dismiss petitioner's habeas corpus action.

R.C. 2725.03 provides:

If a person restrained of his liberty is an inmate of a state benevolent or correctional institution, the location of which is fixed by statute and at the time is in the custody of the officers of the institution, no court or judge other than the courts or judges of the county in which the institution is located has jurisdiction to issue or determine a writ of habeas corpus for his production or discharge. Any writ issued by a court or judge of another county to an officer or person in charge at the state institution to compel the production or discharge of an inmate thereof is void.

{¶ 11} A writ of habeas corpus is an extraordinary remedy that is available only in cases "where there is an unlawful restraint of a person's liberty and no adequate remedy at law." *Pratts v. Hurley,* 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 8.

{¶ 12} R.C. 2725.03 requires an inmate to file his or her petition for a writ of habeas corpus in the court of the county in which the institution is located. Petitioner is incarcerated in Belmont County; thus, petitioner was required to file his petition for a writ of habeas corpus in Belmont County. However, petitioner filed his petition in Franklin County.

{¶ 13} Accordingly, because this court lacks jurisdiction over petitioner's habeas corpus petition, it is this magistrate's decision that this court should grant respondent's motion and dismiss the petition.

/S/ MAGISTRATE
THOMAS W. SCHOLL III


**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).