DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Defendant-Appellant Brian H. Swift ("Husband") appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, modifying the magistrate's decision and his spousal support obligation. This Court affirms in part and reverses in part.
 I. {¶ 2} Husband and Plaintiff-Appellee Michelle M. Swift ("Wife") received their decree of divorce on October 15, 2002. On March 13, 2003, the court ordered that effective January 15, 2003 Husband would pay Wife $1,055.01 per month in child support ($351.67 for each child) and 51 months of spousal *Page 2 
support in the amount of $1,062.00 per month. The parties' support computation worksheet listed Husband's annual gross income as $80,000 and imputed an annual income of $10,712 to Wife since she was unemployed at the time. The parties also agreed to a 50/50 shared parenting plan for each of their three children.
 {¶ 3} Subsequently, Husband filed a motion to terminate the parties' shared parenting plan ("SPP"), designate him as the children's residential parent, and modify the current child support order. Wife filed a separate motion for modification of the SPP and spousal support award. The magistrate held hearings on the parties' motions on June 9th, June 14th, and October 18th of 2005. At the last hearing, the parties read various stipulations into the record and indicated that they intended to file the stipulations as part of an agreed order. However, the parties did not file the agreed order until August 13, 2006; four days after the magistrate released her decision.
 {¶ 4} The magistrate's decision, dated January 9, 2006, noted the change in circumstances among the parties. The magistrate explained that Wife had obtained employment in June 2004 and was to receive an annual income of $28,000. However, in October of 2004 Wife was involved in a serious car accident that left her unable to work. From October 2004 onward, Wife did not earn any income. Meanwhile, Husband's salary had increased to $83,900 per year. The magistrate also found that the parties' eldest child had moved in with *Page 3 
Husband as of June 2004, but had moved back into Wife's home by March 2005. As a result of these various changes in circumstances, the magistrate recalculated the parties' support orders based on the months that the various events occurred. Thus, the magistrate ordered that: (1) from June 2004 to October 2004 Husband should pay $554.32 per month in child support; (2) from October 2004 to March 2005 Husband should pay $880.27 per month in child support; and (3) from March 2005 onward Husband should pay $1,204 per month in child support. Additionally, the magistrate issued various payment orders as to the children's extracurricular activities, medical bills, and proceeds from the sale of the parties' minivan. The order did not contain any provisions as to spousal support.
 {¶ 5} On January 19, 2006, Husband filed objections to the magistrate's decision. On January 20, 2006, Wife also filed objections. The trial court rendered its decision on February 20, 2007. The court sustained all of the parties' objections with the exception of Wife's objection regarding the minivan. The trial court also modified the magistrate's decision, imposing new support obligations. The court ordered that: (1) from June 17, 2004 to March 24, 2005 Husband shall pay $419 per month in child support and $1,567 per month in spousal support; (2) from March 25, 2005 to October 17, 2005 Husband shall pay $417 per month in child support and $2,633 per month in spousal support; and (3) from October 18, 2005 on Husband shall pay $1,012 per month child support and $1,900 per month in spousal support. Husband has timely appealed from the trial court's order, *Page 4 
raising two assignments of error. Because the assignments of error are interrelated, we address them together.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED IN MODIFYING THE MAGISTRATE'S DECISION WITHOUT HAVING BEFORE IT A COMPLETE TRANSCRIPT OF ALL EVIDENCE AND TESTIMONY PRESENTED AT THE HEARING BEFORE THE MAGISTRATE."
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRED BY MODIFYING SPOUSAL SUPPORT WITHOUT CONSIDERING THE FACTORS SET FORTH IN R.C. § 3105.18."
 {¶ 6} In his first assignment of error, Husband argues that the trial court erred in modifying the magistrate's decision based on only a partial transcript of the proceedings. Specifically, Husband argues that after sustaining the parties' objections to the magistrate's decision, the trial court should have recommitted the matter to the magistrate, ordered the parties to provide a complete transcript, or heard the matter de novo. In his second assignment of error, Husband argues that the trial court erred in modifying the spousal support order without setting forth the factors in R.C. 3105.18(C). We disagree in part and agree in part. *Page 5 
 {¶ 7} Civ.R. 53 governs objections to a magistrate's decision.[1]
Pursuant to Section (D)(3)(b)(iii) of that rule, "[a]n objection to a factual finding * * * shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding[.]" Civ.R. 53(D)(4) further provides as follows:
 "(b) * * * [A] court may adopt or reject a magistrate's decision in whole or part, with or without modification. A court may hear a previously-referred matter, take additional evidence, or return a matter to a magistrate.
 "* * *
 "(d) * * * In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law."
The trial court has the "authority to determine if the [magistrate's] findings of fact are sufficient to support the conclusions of law * * * [and to] come to a different legal conclusion if that conclusion is supported by the [magistrate's] findings of fact." (Alterations sic.)Weitzel v. Way, 9th Dist. No. 21539, 2003-Ohio-6822, at ¶ 18, quotingWade v. Wade (1996), 113 Ohio App.3d 414, 418. *Page 6 
 {¶ 8} When the trial court rules on a party's objections without a complete transcript, this Court "is limited to determining whether or not the trial court abused its discretion in adopting [or modifying] the magistrate's decision." (Alterations sic.) Weitzel at ¶ 19, quotingWalther v. Newsome, 11th Dist. No. 2002-P-0019, 2003-Ohio-4723, at ¶ 20. An abuse of discretion is more than an error of judgment, but instead connotes a decision that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. OhioState Med. Bd. (1993), 66 Ohio St.3d 619, 621.
 {¶ 9} In filing his objections, Husband only provided the trial court with the portion of the transcripts in which the parties' agreed upon stipulations were read into the record. Husband does not argue that the partial transcript deprived the trial court of its ability to rule on his objections, only that the trial court had no authority to modify the magistrate's decision once it determined that the magistrate erred. Yet, Civ.R. 53 specifically bestows this authority upon the trial court in certain instances. See Civ.R. 53(D)(4). The trial court may modify the magistrate's decision so long as the magistrate erred in reaching her conclusion and the modification is supported by the facts before the court. Weitzel at ¶ 18.
 {¶ 10} In ruling on the parties' objections, the trial court was able to review the parties' original motions for modification, their stipulations (which they had *Page 7 
read into the record), and the objections themselves. The record reflects that the magistrate's decision, on its face, conflicted with the parties' stipulations. The decision ordered Husband to pay support based on certain time frames, which were different from the time frames to which the parties had stipulated. The trial court need only have compared the magistrate's decision to the parties' stipulations to conclude that the magistrate erred. Therefore, to the extent that the trial court modified the magistrate's decision in accordance with the parties' stipulations, we cannot agree that the trial court abused its discretion.
 {¶ 11} We affirm as to the trial court's modification of the timeframes during which child and spousal support shall be paid, the children's living arrangements during these timeframes, the parties' respective income levels, the SPP, the continued use of Counselor Cynthia Salwan and Coordinator Jeffrey Durr, the payment of the specified athletic fees, the reimbursement of the specified medical bills, and the tax dependency exemptions for each of the three children commencing in the year 2005. We also affirm as to the child support modification itself as Husband has not argued that the trial court erroneously deviated from the guidelines in calculating the award or otherwise. Compare Berthelot v. Berthelot, 9th Dist. No. 22819,2006-Ohio-1317, at ¶ 16-26.
 {¶ 12} As to the trial court's modification of the spousal support award, award of counseling costs, award of coordination costs, and award of $115 from the sale of the parties' minivan, we find that the trial court abused its discretion. *Page 8 
In order to modify an existing spousal support award, a trial court must conduct a two-part analysis. R.C. 3105.18; Leighner v.Leighner (1986), 33 Ohio App.3d 214, 215. The first step is jurisdictional. R.C. 3105.18(E). In that step, the trial court must make two determinations: (a) whether the divorce decree specifically authorizes the court to modify spousal support, and (b) whether the circumstances of either party have changed. R.C. 3105.18(E);Leighner, 33 Ohio App.3d at 215. R.C. 3105.18(E) does not require a "substantial" or "drastic" change of circumstances, but only a change that "[has] an effect on the economic status of either party."Kingsolver v. Kingsolver, 9th Dist. No. 21773, 2004-Ohio-3844, at ¶ 21.
 {¶ 13} If the trial court concludes that it has jurisdiction to modify the spousal support award, it must then determine "whether or not the existing order should be modified." (Emphasis omitted.)Leighner, 33 Ohio App.3d at 215. This inquiry requires the court to reevaluate the existing order in light of the changed circumstances. Id. The court looks to the factors provided by R.C. 3105.18(C) in order to conduct this reevaluation. Id. "[A] change in circumstances includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses."Malizia v. Malizia, 9th Dist. No. 22565, 2005-Ohio-5186, at ¶ 11, citing R .C. 3105.18(F). *Page 9 
 {¶ 14} It does not appear from the trial court's journal entry that it conducted either part of the two-step analysis in modifying the parties' spousal support order. In fact, it would not even have been possible for the court to have conducted such an analysis given the limited information before it. Unlike the modifications that we affirmed above, the spousal support modification would have required the court to consider all of the evidence that the parties set forth. The partial transcript and the parties' stipulations did not provide the trial court with enough evidence to evaluate the parties' circumstances in light of the R.C. 3105.18(C) factors.
 {¶ 15} Similarly, the trial court could not have properly modified the remaining items in its journal entry without making additional factual findings first. The parties' agreed order containing their stipulations provided in relevant part:
 "The issue of the payment of all costs for Cynthia Salwan and Jeffery Durr shall be determined by the Court as to the percentage to be paid by each party."
The partial transcript before the court was devoid of any evidence that might allow the court to decide what percentage to allocate to each party. Nor did the court explain why it chose to split the costs equally. Without additional evidence, the court could not have known what percentage was appropriate. Likewise, the court erred in awarding Wife $115 for the parties' minivan. The agreed order did not contain any provision regarding the minivan. In fact, the record before us reflects *Page 10 
that the parties heavily disagreed as to the circumstances surrounding the sale of the minivan and the appropriate division of the resulting proceeds. Accordingly, the parties did not stipulate to any criteria for the court to apply in rendering its decision as to the counseling costs, coordination costs, and the minivan proceeds. As with the spousal support modification, any decision as to these three items would have required the court to make additional factual findings. Consequently, the court abused its discretion in simply modifying the magistrate's decision as to these items without holding a further hearing or otherwise. See Weitzel at ¶ 18 (explaining that in the absence of a complete transcript the court is limited to an examination of the magistrate's findings of fact and legal conclusions); see, also, Civ.R. 53(D)(4)(b) and (d) (limiting the courses of action a trial court may employ in ruling on a magistrate's decision).
 {¶ 16} To summarize, we affirm the modifications as to the timeframes during which child and spousal support are to be paid, the children's living arrangements during these timeframes, the parties' respective income levels, the SPP, the continued use of Counselor Cynthia Salwan and Coordinator Jeffrey Durr, the payment of the specified athletic fees, the reimbursement of the specified medical bills, and the tax dependency exemptions for each of the three children commencing in the year 2005. We also affirm as to Husband's obligation to pay child support in the following amounts: (1) $419 per month in child support from June 17, 2004 to March 24, 2005; (2) $417 per month in child support from March *Page 11 
25, 2005 to October 17, 2005; and (3) $1,012 per month child support from October 18, 2005 onward. We reverse as to the awards of spousal support, counseling costs, coordination costs, and proceeds from the sale of the minivan.
 III. {¶ 17} Husband's first assignment of error is sustained in part and overruled in part. Husband's second assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and the cause is remanded for further proceedings consistent with this opinion.
Judgment affirmed in part, reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this *Page 12 
judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed equally to both parties.
CARR, P. J. MOORE, J. CONCUR.
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)
[1] We note that the current version of Civ.R. 53 differs from the version that was in effect at the time of the magistrate's decision and at the time that the parties filed their objections to the magistrate's decision. The current version of Civ.R. 53 took effect on July 1, 2006, some seven months after the parties filed their objections. However, neither party suggests that our application of the current version of Civ.R. 53 "would not be feasible or would work injustice[.]" See Civ.R. 86(CC). Therefore, we apply the current version of Civ.R. 53. SeeHoover v. Sumlin (1984), 12 Ohio St.3d 1, 3. *Page 1