[Cite as *In re Dissolution of the Marriage of Smith & Smith*, 2015-Ohio-5522.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| IN THE MATTER OF THE DISSOLUTION | : | **O P I N I O N** |
| OF THE MARRIAGE OF: NATHAN M. | | |
| SMITH AND KELLY M. SMITH | : | |
| | | **CASE NO. 2014-P-0056** |
| | : | |

Civil Appeal from the Portage County Court of Common Pleas, Domestic Relations Division, Case No. 2008 DR 00274.

Judgment: Reversed and vacated.

*Robert E. Rosenberg* and *Michael D. Dailey,* 533 East Main Street, Ravenna, OH 44266 (For Appellee, Nathan M. Smith).

*Mary E. Randazzo,* 6555 Dean Memorial Parkway, Boston Heights, OH 44236 (For Appellant, Kelly M. Smith).

DIANE V. GRENDELL, J.

{¶1} Petitioner-appellant, Kelly M. Smith, appeals from the September 11, 2014 Judgment Entry of the Portage County Court of Common Pleas, Domestic Relations Division, sua sponte vacating the Decree of Dissolution of her marriage with petitioner-appellee, Nathan M. Smith. The issues to be determined in this case are whether a party can raise the failure to file a parenting affidavit pursuant to R.C. 3127.23 in a collateral attack several years after the court has issued a dissolution decree and whether due process is violated when a party does not follow certain local rules and statutory requirements in dissolution proceedings. For the following reasons, we reverse and vacate the decision of the lower court.

{¶2} On May 20, 2008, Nathan and Kelly Smith, who had one child together, filed a Petition for Dissolution of Marriage. On the same date, Nathan filed a Parenting Affidavit.

{¶3} On July 21, 2008, a Judgment Entry Decree of Dissolution was filed, with an attached Separation Agreement and Shared Parenting Plan, and the dissolution was granted. The transcript of the hearing showed that the parties were questioned about their consent to the Separation Agreement, established that it was signed voluntarily, and that both parties wanted a dissolution. Only Nathan was represented by an attorney.

{¶4} An Agreed Judgment Entry was filed on August 4, 2008, in which the parties agreed that the court would not retain jurisdiction over Nathan's spousal support obligation, which, pursuant to the Separation Agreement was $6,500 per month beginning January 1, 2013, until 2020, when it became $9,100 per month. The Entry stated that the spousal support would continue until Kelly's remarriage or Nathan's death.

{¶5} Beginning on January 4, 2013, Nathan filed various Motions to Vacate the Judgment Entry Decree of Dissolution, on the grounds that the court did not have jurisdiction, for reasons including that the Decree did not state whether Kelly was pregnant at the time of the final hearing, no evidence was presented to show the parties were living apart at the time of the dissolution, there was a discrepancy in the amount of loans owed by the parties, a hearing was not held regarding the disclosure of Nathan's address, and information was not presented regarding Kelly's military status. Nathan also filed various motions relating to parenting rights and his spousal support obligation.

{¶6} On April 16, 2013, Nathan filed a Brief in support of his motions, arguing, inter alia, that the Decree of Dissolution should be vacated since he was not mentally sound when it was executed and that the court lacked jurisdiction because Kelly failed to file a parenting affidavit. Nathan also argued that it was unconscionable to require him to pay in excess of $6,000 a month in spousal support until Kelly's remarriage or his death, given that they were only married for five years. In response to Nathan's various motions in this matter, Kelly filed an original action with this court in *State ex rel. Smith v. Hayes*, 11th Dist. Portage No. 2013-P-0089, 2014-Ohio-1367, arguing that the lower court should not be permitted to rule on certain motions filed by Nathan, which was dismissed.[1]

{¶7} Nathan filed a Motion for Summary Judgment on April 18, 2014, requesting that the Decree of Dissolution be declared void.

{¶8} On August 22, 2014, the lower court issued a Judgment Entry declaring the Decree of Dissolution void due to the court's lack of jurisdiction, stating that the parties had not filed the parenting affidavits required under R.C. 3127.23.

{¶9} Kelly subsequently filed a Motion to Reconsider and Motion to Vacate the Judgment Entry. On September 11, 2014, the court issued a Judgment Entry vacating the August 22, 2014 judgment. On the same date, the trial court issued a Judgment Entry, finding that Kelly had not filed a parenting affidavit and that it was a "mandatory jurisdictional requirement." It stated that "this Court, on its own Motion, finds that the Trial Court lacked jurisdiction in the above-captioned matter and the Decree of

---

1. This court held that, "[e]ven though respondent [the judge] does not have any authority to suspend or modify Smith's spousal-support obligation while the separation agreement remains in effect, he does have the jurisdiction to issue judgments on Smith's pending motions to vacate under Civ.R. 60(B)." *Id.* at ¶ 42.

3

Dissolution filed July 21, 2008 and the Agreed Judgment Entry filed August 4, 2008 are hereby vacated and held for naught."

{¶10} Kelly appealed from that decision in the present matter. Nathan filed a Motion to Dismiss the appeal, arguing that, since he and Kelly had been granted a divorce in Pennsylvania while the appeal in the present case was pending, the appeal is moot. We denied this Motion in order to protect Kelly's right to appeal and based on her attempt to preserve that right through a stay.

{¶11} On appeal, Kelly raises the following assignment of error:

{¶12} "The trial court committed reversible error by vacating [the] Decree of Dissolution from six (6) years prior due to one party's failure to file parenting affidavit in accordance with O.R.C. 3127.23."

{¶13} As Kelly's argument raises the issue of whether the lower court properly decided the issue of jurisdiction as it related to the Decree of Dissolution, we review this matter under a de novo standard of review. *JP Morgan Chase Banks v. Ritchey*, 11th Dist. Lake No. 2014-L-089, 2015-Ohio-1606, ¶ 16 ("[a] determination as to whether the trial court has subject-matter jurisdiction * * * is a question of law reviewed de novo").

{¶14} Kelly argues that the court erred in determining that it had been without jurisdiction to enter the Decree of Dissolution and the August 4, 2008 Agreed Judgment Entry, since this issue was not raised at that time and is not permitted through a collateral attack.

{¶15} Nathan argues that, since there was not at least substantial compliance with the parenting affidavit requirement, the court properly vacated the Decree of Dissolution.

{¶16} Pursuant to R.C. 3127.23(A)(1)-(3), "[e]ach party in a child custody proceeding, in the party's first pleading or in an affidavit attached to that pleading, shall give information if reasonably ascertainable under oath as to the child's present address or whereabouts, the places where the child has lived within the last five years, and the name and present address of each person with whom the child has lived during that period," as well as information regarding other custody proceedings related to that child.

{¶17} The Supreme Court of Ohio has held that "[t]he requirement in [former] R.C. 3109.27 [now renumbered as R.C. 3127.23] that a parent bringing an action for custody inform the court at the outset of the proceedings of any knowledge he has of custody proceedings pending in other jurisdictions is a mandatory jurisdictional requirement of such an action." *Pasqualone v. Pasqualone*, 63 Ohio St.2d 96, 406 N.E.2d 1121 (1980), paragraph one of the syllabus. As this court explained, however, "the Supreme Court of Ohio subsequently relaxed some of the strict jurisdictional requirements." *Mendiola v. Mendiola*, 11th Dist. Portage No. 2006-P-0038, 2007-Ohio-466, ¶ 54. In *In re Palmer,* 12 Ohio St.3d 194, 465 N.E.2d 1312 (1984)*,* the Supreme Court held:

> If we were to deny subject-matter jurisdiction by a mechanistic interpretation of R.C. 3109.27, it would be possible for any party to completely obstruct a custody proceeding by willfully failing to file an R.C. 3109.27 affidavit or pleading. Such a result would not only contravene the clear intent of R.C. 3109.27 but could potentially render the custody statutes of this state a nullity. Moreover, such a result would hamstring our long-established rule that ultimately the issue must be what is in the best interests of the child.

5

*Id.* at 197. In declining to strictly apply the statute, this court held that "the mandates of R.C. 3109.27, while required, are not jurisdictional so long as the statute's requirements are substantially satisfied and no prejudice results." (Citation omitted.) *Mendiola* at ¶ 57.

{¶18} In the present matter, Kelly argues that, regardless of whether a parenting affidavit should have been filed or substantial compliance with that requirement occurred, it is not appropriate for this issue to be raised in a Motion to Vacate over four years after the Decree of Dissolution was filed.

{¶19} The Ohio Supreme Court has held that "the initial failure to comply with R.C. 3109.27 has bearing on the juvenile court's authority to exercise jurisdiction rather than on its subject-matter jurisdiction." *Moore v. Goeller*, 103 Ohio St.3d 427, 2004-Ohio-5579, 816 N.E.2d 594, ¶ 13. In reaching this holding, the Supreme Court cited *Pratts v. Hurley,* 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 10-13. In *Pratts*, the Supreme Court discussed the types of jurisdiction and when such jurisdictional issues may be raised. *Pratts* explained that jurisdiction over a particular case "'encompasses the trial court's authority to determine a specific case within that class of cases that is within its subject matter jurisdiction. It is only when the trial court lacks subject matter jurisdiction that its judgment is void; lack of jurisdiction over the particular case merely renders the judgment voidable.'" (Citation omitted.) *Id.* at ¶ 12. Failure to comply with statutory requirements such as those in the present matter, which generally constitutes an improper exercise of jurisdiction as opposed to a lack of subject matter jurisdiction, is "subject only to direct appeal and not collateral attack," i.e., "[a]n attack on a judgment in a proceeding other than a direct appeal." *Id.* at ¶ 31; *State v.*

*Filiaggi*, 86 Ohio St.3d 230, 240, 714 N.E.2d 867 (1999); *Black's Law Dictionary* 278 (8th Ed.2004).

**{¶20}** Nathan failed to raise the lack of a parenting affidavit at any time before the dissolution or through a direct appeal. His attempt to raise it now in a Motion to Vacate several years after the dissolution of the marriage is a collateral attack. As such, the Decree of Dissolution and Agreed Judgment Entry could not be properly vacated on this ground.

**{¶21}** Further, it is noteworthy that the purpose of R.C. 3127.23(A)'s affidavit requirement is to prevent multiple contradictory rulings from different courts/jurisdictions on the issue of custody. *In re S.K.*, 8th Dist. Cuyahoga No. 89068, 2008-Ohio-1256, ¶ 2, fn. 1 ("R.C. 3127.23(A) is part of the Uniform Child Custody Jurisdiction and Enforcement Act," and the requirement to submit an affidavit is "[t]o ensure that no court of another state is currently exercising jurisdiction over a child custody proceeding concerning the same child"). It is not intended to be used to vacate proceedings between two parties when there were no existing matters relating to custody in a different jurisdiction.

**{¶22}** While there are several cases that apply R.C. 3127.23 following the Supreme Court decisions outlined above, such as *In re S.K.*, cited by Nathan, these cases generally do not involve collateral attacks but issues raised on direct appeal. For example, although this court in *Mendiola* discussed substantial compliance and a lack of prejudice to determine whether reversal was warranted, in the absence of the ability for Nathan to even attack the court's judgment through a motion to vacate, it is unnecessary to apply these principles.

{¶23} This approach is also consistent with the principles outlined above, that a strict application is not in the best interests of the child. The Supreme Court has noted that, under some circumstances "a rigid interpretation of R.C. 3109.27 would only serve to prolong the agony of the children." *Palmer*, 12 Ohio St.3d at 197, 465 N.E.2d 1312. Vacating an otherwise valid judgment of dissolution several years later on a collateral attack would potentially change the rights and obligations of the parents and the children and would be the mechanistic interpretation of R.C. 3127.23 that *Palmer* rejected. This is particularly applicable in this case, where the lack of the parenting affidavit seemed to have no impact on Nathan, given that there were no real questions about where the child had lived or issues regarding other custody proceedings. It appears that the only benefit from vacating the entry would be for Nathan to avoid paying the large spousal support obligation which he has unsuccessfully attempted to challenge due to the lower court's lack of jurisdiction. *State ex rel. Smith*, 2014-Ohio-1367, at ¶ 23.[2] We are dubious of allowing a party to obtain a vacation of a dissolution on a technicality with the potential outcome being the avoidance of a spousal support obligation which the court lacks jurisdiction to modify.

{¶24} Nathan asserts that Kelly essentially waived the ability to dispute the jurisdiction question because she did not address this below. We emphasize that the court was not permitted to, sua sponte, vacate a Decree of Dissolution and accompanying rights and responsibilities of the parties merely on the basis that a party did not dispute a legal issue. Further, the cases cited by Nathan relate to situations in

---

2. It is at least noteworthy that immediately upon the trial court vacating the dissolution, Nathan obtained a divorce in Pennsylvania and sought dismissal of this appeal.

which a party failed to raise an error, where here, no error had yet occurred to which Kelly was required to object.

{¶25} Nathan similarly argues that the trial court's decision should be affirmed because it was "tantamount to granting husband's unopposed motion for summary judgment." There are several reasons why this argument fails.

{¶26} It is initially unclear the necessity of either filing or responding to a motion for summary judgment in this matter. Motions for summary judgment are appropriate when a party is "seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment." Civ.R. 56(A). Such is not the case when Nathan is merely asking for a ruling on a Motion to Vacate. Regardless, it does not follow that Kelly's failure to file an opposition permits the lower court to vacate the dissolution decree in a manner that is contrary to law. Nathan seems to indicate, citing Civ.R. 56(E), that failure to respond results in an automatic entry of a judgment against that party. As Civ.R. 56(E) states, however, judgment may be entered only "if appropriate." Nathan cannot cite to case law allowing a court to grant summary judgment to vacate a dissolution decree on grounds that are contrary to law.

{¶27} In addition, the court did not specifically rule on Nathan's motions, but vacated the Decree of Dissolution "on its own motion", i.e., sua sponte. Thus, it did not rely on any Motion for Summary Judgment or related response.

{¶28} Nathan argues that, regardless of the foregoing, the court's judgment should be upheld because it was also proper to vacate the Decree of Dissolution on the ground that his due process rights were violated when the court failed to hold a hearing to determine whether his address/identifying information should not be disclosed, as he requested in his parenting affidavit.

9

{¶29} Pursuant to R.C. 3127.23(D), "[i]f a party alleges in an affidavit * * * that the health, safety, or liberty of a party or child would be jeopardized by the disclosure of identifying information, the information shall be sealed and may not be disclosed to the other party or the public unless the court orders the disclosure to be made after a hearing in which the court * * * determines that the disclosure is in the interests of justice."

{¶30} While Nathan argues that the failure to hold a hearing on the foregoing matter was a due process violation, he does not establish how the lack of a hearing, even if it was an error, allows for the vacating of the Decree of Dissolution. The lack of a hearing on whether his address should be confidential bears no relation to whether the dissolution was proper. While he cites several cases in support of his contention that a judgment can be void when there is a due process violation, those cases found a judgment void that related specifically to the due process error. For example, in *State v. Buchanan*, 43 Ohio App.2d 93, 96, 334 N.E.2d 503 (8th Dist.1974), it was held that a guilty plea is void when not given knowingly and voluntarily, and in *Stevenson v. Stevenson*, 5th Dist. Stark No. 1999CA00365, 2000 Ohio App. LEXIS 2840, 3-4 (June 26, 2000), a judgment was void when a party was not able to be present for the hearing on the motion that led to that judgment. In these cases, the due process violation directly impacted the judgment that was subsequently declared void. Such was not the case here, as the disclosure of Nathan's address impacted no part of the dissolution or separation agreement.

{¶31} Finally, Nathan argues that the trial court's decision should be affirmed on the grounds that the court lacked jurisdiction and violated his due process rights when Kelly failed to follow Portage County Domestic Relations Court Local Rules, including

10

the failure to file a statement of whether she served in the military and the parenting affidavit addressed above.

**{¶32}** Nathan fails to explain how Kelly's lack of compliance with the local rules implicates his due process rights. The issues that he raises did not deprive him of any rights and could have been resolved prior to the entry of the Decree of Dissolution by merely requesting that the necessary information be provided. This is not the case, like *Hillabrand v. Drypers Corp.*, 87 Ohio St.3d 517, 721 N.E.2d 1029 (2000), cited by Nathan, where he was deprived of a right to respond or to defend himself.

**{¶33}** Further, while Nathan cites cases where the lower court's decision to dismiss an action for noncompliance with local rules was upheld on appeal, these are entirely inapplicable to the present matter. Here, the lower court did not dismiss the action for noncompliance prior to the issuance of the decree, Nathan did not appeal that failure, and he now tries to raise the issue several years later. There is no authority to vacate a Decree of Dissolution in a collateral proceeding based on a party's failure to follow local rules. Even if this were a direct appeal, this court has noted that the enforcement of local rules "is a matter within the discretion of the court promulgating the rules." *Dvorak v. Petronzio*, 11th Dist. Geauga No. 2007-G-2752, 2007-Ohio-4957, ¶ 30; *also Yoel v. Yoel*, 11th Dist. Lake No. 2009-L-063, 2012-Ohio-643, ¶ 40 (a violation of local rules "is by itself typically insufficient to constitute grounds for reversal").

**{¶34}** This issue is also not jurisdictional such that it can be raised in a collateral attack, as Nathan claims, for the reasons outlined above, as to the parenting affidavit. Nathan cites no authority for the proposition that the issue regarding military service can be raised in this manner either.

{¶35} Given the foregoing, we reverse and vacate the court's judgment vacating the July 21, 2008 Decree of Dissolution and August 4, 2008 Agreed Judgment Entry. As such, those judgments continue to be in effect.

{¶36} The sole assignment of error is with merit.

{¶37} For the foregoing reasons, the September 11, 2014 Judgment Entry of the Portage County Court of Common Pleas, Domestic Relations Division is reversed and vacated. Costs to be taxed against appellee.


TIMOTHY P. CANNON, P.J., concurs with a Concurring Opinion.
COLLEEN MARY O'TOOLE, J., concurs with a Concurring Opinion.


_____


TIMOTHY P. CANNON, P.J., concurring.

{¶38} I concur in the opinion of the majority. By an interlineation initialed by the parties, the separation agreement indicated that the court would retain jurisdiction over husband's spousal support obligation. The original decree, adopting the terms of the separation agreement, also ruled that the court retained jurisdiction by incorporating this separation agreement. This became a final order of the trial court.

{¶39} Thereafter, the parties filed a joint motion to modify the separation agreement, which had been approved by final order. The trial court approved this motion, and modified its own prior final order. That decree, filed just days later, stated: "The parties both agree that they have exchanged mutual promises and consideration in exchange for this modification of the Separation Agreement." However, at oral

12

argument, counsel could not state the "consideration" exchanged for this most significant modification.

{¶40} The parties have neither addressed the trial court's jurisdiction to modify its own final order nor whether there was, in fact, consideration for this significant contractual modification. Consequently, we will not address these questions on appeal.

_____

COLLEEN MARY O'TOOLE, J., concurs with Concurring Opinion.

{¶41} I concur with the well-reasoned opinion of the majority. I write separately simply to note my belief that the failure by one party to a divorce or dissolution proceeding to file an affidavit in compliance with R.C. 3127.23 should not, as a matter of law, form the basis for an attack on the validity of the decree, as such, but merely for one directed to the custody arrangements made thereunder. As the majority notes, R.C. 3127.23 is part of the Uniform Child Custody Jurisdiction and Enforcement Act. The purpose of the affidavit is to inform the trial court whether any other court might have jurisdiction of any child subject of the divorce and dissolution. In this case, Nathan's real purpose in seeking to set aside the decree of dissolution appears to be the amount of the spousal support he pays – not anything relating to custody of the couple's child. Kelly's failure to file an affidavit pursuant to R.C. 3127.23 does not relate to the issue of spousal support.

{¶42} A trial court may modify spousal support if it finds that a substantial change in circumstances has occurred, and that the change was not contemplated at the time the award was made. *Mencini v. Mencini*, 11th Dist. Geauga No. 2009-G-

13

2930, 2010-Ohio-2409, ¶17, quoting *Mandelbaum v. Mandelbaum*, 121 Ohio St.3d 433, 2009-Ohio-1222, ¶33. If the trial court finds such a change has occurred, it then looks to the factors provided in R.C. 3105.18(C) in conducting its reevaluation. *Latimer v. Latimer*, 179 Ohio App.3d 90, 2008-Ohio-5655, ¶7. However, the threshold question is whether the trial court retained jurisdiction to modify spousal support: the rest of the analysis cannot occur without retention of jurisdiction. *Mencini*, *supra*, at ¶17, quoting *Mandelbaum*, *supra*, at ¶33; *see also* R.C. 3105.18(E)(2). In this case, the trial court retained jurisdiction to modify support, by an interlineations in the separation agreement between the parties.