[Cite as *State ex rel. Thomas v. Disanto*, 2017-Ohio-7292.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**LAKE COUNTY, OHIO**


STATE OF OHIO ex rel.          :          **O P I N I O N**
THOMAS L. THOMAS,

          Relator-Appellant,          :
                                                            **CASE NO. 2016-L-110**
     - vs -                              :

CAROL ANN DISANTO, et al.,          :

          Respondents-Appellees.          :


Civil Appeal from the Lake County Court of Common Pleas, Case No. 2016 CV 000533.

Judgment: Affirmed.


*Thomas L. Thomas*, pro se, 3568 Highway 301 S, Nahunta, GA  31553 (Relator-Appellant).

*Brett J. Plassard*, 1875 West Jackson Street, Painesville, OH  44077 (For Respondents-Appellees, Carol Ann Disanto, Dorene Disanto, Gregory Disanto, James Disanto).

*Julie Downy*, pro se, 1102 SW 10th Place, Cape Coral, FL  33991 (Respondent-Appellee).

*Nancy B. Robison*, 7220 S. Holmes Place, Painesville, OH  44077 (For Respondent-Appellee, Robert Meyers).

*Michael M. Wolf*, Holman, Frank & McDonald*,* P.O. Box 46390, Cleveland, OH  44146 (For Respondent-Appellee, Jennifer O'Boyle).

*Mike DeWine*, Ohio Attorney General, State Office Tower, 30 East Broad Street, 16th Floor, Columbus, OH  43215, and *W. Scott Meyers*, Assistant Attorney General, State Office Tower, 30 East Broad Street, 25th Floor, Columbus, OH  43215 (For Respondent-Appellee, Mary Taylor).

*Richard A. Williams* and *Susan S.R. Petro*, Williams & Schoenberger Co., L.L.C., 338 South High Street, 2nd Floor, Columbus, OH 43215 (For Respondent-Appellee, Ann M. Radcliffe).

*Todd E. Petersen*, Petersen & Petersen*,* 428 South Street, Chardon, OH 44024 (For Respondent-Appellee, Bill Spears).

*JR Ziegler*, pro se, 4460 Sherwin Road, Willoughby, OH 44094 (Respondent-Appellee).

COLLEEN MARY O'TOOLE, J.

**{¶1}** Appellant, Thomas L. Thomas, appeals from the October 4, 2016 judgment of the Lake County Court of Common Pleas, denying his pro se Civ.R. 60(B) motion for relief from judgment and reaffirming its previous order dismissing his complaint for lack of prosecution. Finding no error, we affirm.

**{¶2}** This matter involves an underlying real estate transaction in which appellant alleges that fraud was committed against him. On March 21, 2016, appellant filed a pro se complaint for declaratory judgment and writ of mandamus against appellees Carol Ann Disanto, Dorene Disanto, Gregory Disanto, James Disanto, Julie Downy, Robert Meyers, Jennifer O'Boyle, Mary Taylor, Ann Radcliffe, and Bill Spears. Because appellant failed to include appellees' addresses, the trial court ordered that he file an amended complaint.

**{¶3}** On April 14, 2016, appellant filed an amended pro se complaint against the foregoing appellees and named an additional defendant, appellee JR Ziegler. Appellant also provided addresses for all parties pursuant to the trial court's order. In response, the following appellees filed answers and/or Civ.R. 12(B)(6) motions to dismiss: Bill Spears filed answers on April 29, 2016 and May 2, 2016; Robert Meyers

2

filed an answer on May 3, 2016; Mary Taylor filed a Civ.R. 12(B)(6) motion to dismiss on May 6, 2016; Jennifer O'Boyle filed a Civ.R. 12(B)(6) motion to dismiss on May 10, 2016; and Ann Radcliffe filed a Civ.R. 12(B)(6) motion to dismiss on May 13, 2016.[1]

{¶4} Thereafter, appellant filed in the Ohio Supreme Court a pro se writ of prohibition against the Lake County judge, Case No. 2016-0736. That cause was later dismissed. *State ex rel. Thomas v. Culotta*, 146 Ohio St.3d 1487, 2016-Ohio-5585.

{¶5} Following a request for a status conference, appellant filed a pro se motion to stay proceedings and for default judgment. The Ohio Supreme Court later assigned the matter to a retired Lorain County judge. A status hearing was set for August 31, 2016.

{¶6} On August 10, 2016, appellant sought to attend the scheduled status hearing by telephone. The trial court denied his request on August 25, 2016. The status hearing took place on August 31, 2016. However, appellant did not attend. All of the appellees were present either personally and/or represented by counsel. Once it became apparent that appellant would not appear for the status conference, appellees orally requested that the matter be dismissed for lack of prosecution.

{¶7} On September 8, 2016, the trial court agreed with appellees' requests, indicating that appellant chose this forum, and dismissed appellant's complaint for lack of prosecution. On September 15, 2016, appellant filed a pro se Civ.R. 60(B) motion for relief from judgment.

{¶8} On October 3, 2016, appellant filed in the Ohio Supreme Court a pro se writ of prohibition against the Lorain County assigned judge, Case No. 2016-1413. The

---

1. Appellees Carol Ann Disanto, Dorene Disanto, Gregory Disanto, James Disanto, Julie Downy, and JR Ziegler did not file responses.

Supreme Court later granted the respondent's motion for judgment on the pleadings. *State ex rel. Thomas v. Basinski*, 147 Ohio St.3d 1456, 2016-Ohio-8121.

{¶9} On October 4, 2016, the trial court denied appellant's pro se Civ.R. 60(B) motion and reaffirmed its previous order dismissing his complaint for lack of prosecution. Appellant filed a timely pro se appeal and asserts the following assignment of error:

{¶10} "Did the reassigned trial court judge wrongfully act maliciously and corruptly without subject matter jurisdiction by dismissing this pro se native American relator-appellant's complaint for alleged lack of prosecution while respondents were in default judgment; and after reassigned trial court judge was officially served with a summons and copy of relator-appellant's sworn petition for writ of prohibition by the Ohio Supreme Court clerk?"

{¶11} A determination as to whether a trial court acted with or without subject matter jurisdiction is reviewed under a de novo standard. *In re Dissolution of the Marriage of Smith & Smith*, 11th Dist. Portage No. 2014-P-0056, 2015-Ohio-5522, ¶13.

{¶12} "There is a distinction between a court that lacks subject-matter jurisdiction over a case and a court that improperly exercises that subject-matter jurisdiction once conferred upon it." *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶10. Subject matter jurisdiction defines a court's authority to adjudicate and asks whether legislation empowers the court to hear a case of the kind at issue. *In re Change of Name of K.G.M. to K.G.S.*, 11th Dist. Trumbull No. 2016-T-0013, 2016-Ohio-7998, ¶8, citing *Neirbo Co. v. Bethlehem Shipbuilding Corp.,* 308 U.S. 165, 167-168 (1939); *Wachovia Bank v. Schmidt,* 546 U.S. 303, 316 (2006).

4

{¶13} "The term 'jurisdiction' is also used when referring to a court's exercise of its jurisdiction over a particular case." *Pratts, supra,* at ¶12. Jurisdiction over the particular case "encompasses the trial court's authority to determine a specific case within that class of cases that is within its subject matter jurisdiction." *Id.*

{¶14} In this matter, appellant invoked the jurisdiction of the Lake County Court of Common Pleas by filing his complaint in that court. Nevertheless, on appeal, appellant challenges the trial court's exercise of jurisdiction. Appellant mainly argues that the October 4, 2016 judgment entry was erroneously issued and that the assigned judge acted without subject matter jurisdiction in this particular case. Appellant alleges that because the assigned judge was subject to a complaint for writ of prohibition prior to October 4, 2016, the matter was stayed by Ohio Supreme Court Rules of Practice 12.05 which barred the assigned judge from issuing the October 4, 2016 judgment. We disagree.

{¶15} S.Ct.Prac.R. 12.05., Alternative Writs, states:

{¶16} "If an alternative writ is issued, the Supreme Court will issue a schedule for the presentation of evidence and the filing and service of briefs or other pleadings. Unless the Supreme Court orders otherwise, *issuance of an alternative writ in a prohibition case stays proceedings in the action sought to be prohibited until final determination of the Supreme Court.*" (Emphasis added.)

{¶17} Thus, a simple reading of the foregoing rule reveals that a stay applies only when the Ohio Supreme Court, in response to a complaint for writ of prohibition, issues an alternative writ. There is no evidence in the record before us that appellant requested issuance of an alternative writ in the prohibition action against the assigned

5

judge. Further, there is no evidence that an alternative writ was issued in that action before October 4, 2016, on October 4, 2016, or anytime after October 4, 2016. Thus, appellant bases his jurisdictional argument on a rule that is inapplicable to the assigned judge and the underlying matter.

{¶18} Contrary to appellant's assertions, the assigned judge did not act without jurisdiction on October 4, 2016. Nothing precluded the assigned judge from ruling on appellant's pro se Civ.R. 60(B) motion for relief from judgment. Based on the facts presented, Civ.R. 60(B) did not give appellant a right to relief from the September 8, 2016 dismissal of the underlying matter.

{¶19} "'A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion.'" *Swaney v. Swaney*, 11th Dist. Trumbull No. 2014-T-0084, 2015-Ohio-2456, ¶6, quoting *Griffey v. Rajan,* 33 Ohio St.3d 75, 77 (1987). Regarding this standard, we recall the term "abuse of discretion" is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record. *State v. Ferranto,* 112 Ohio St. 667, 676–678 (1925). An abuse of discretion may be found when the trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Thomas v. Cleveland,* 176 Ohio App.3d 401, 2008-Ohio-1720, ¶15 (8th Dist.)

{¶20} "In order to prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate: (1) a meritorious claim or defense; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) timeliness of the motion." *Rose Chevrolet, Inc. v. Adams,* 36 Ohio St.3d 17, 20 (1988),

6

citing *GTE Automatic Elec., Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146 (1976), paragraph two of the syllabus.

**{¶21}** Civ.R. 60(B) states in part:

**{¶22}** "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."

**{¶23}** Civ.R. 41, "Dismissal of actions," states in part:

**{¶24}** "(B) Involuntary dismissal; effect thereof.

**{¶25}** "(1) Failure to prosecute. Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."

**{¶26}** As stated, on September 8, 2016, the trial court dismissed appellant's pro se complaint for lack of prosecution pursuant to Civ.R. 41(B)(1). There is no mention in that entry whether the dismissal was with prejudice or without. "[U]nder the rule the

7

dismissal is with prejudice unless the court's order of dismissal affirmatively provides otherwise." *See* Civ.R 41, Staff Notes, "3. Involuntary dismissal; effect thereof," 1970: Rule 41(B)(1). One week later, on September 15, 2016, appellant filed a pro se Civ.R. 60(B) motion for relief from judgment. Thus, timeliness is not an issue in this case.

{¶27} Appellant does not identify any specific Civ.R. 60(B) ground for relief. However, in support of his overall argument, appellant makes references to fraud. Pursuant to Civ.R. 60(B)(3), "[t]he term fraud denotes surprise, trick, cunning dissembling, and other unfair ways that are used to cheat another." *Cefaratti v. Cefaratti*, 11th Dist. Lake No. 2004-L-091, 2005-Ohio-6895, ¶28.

{¶28} Appellant fails to explain or establish how the September 8, 2016 judgment was the product of fraud. Appellant fails to show that he has a meritorious claim to present if he is relieved of the September 8, 2016 judgment. Appellant complains about the deed from the underlying real estate transaction, but there is no showing or evidence that the deed is fraudulent or invalid.

{¶29} Upon consideration, we find the trial court did not abuse its discretion in denying appellant's pro se Civ.R. 60(B) motion for relief from judgment and reaffirming its previous order dismissing his complaint for lack of prosecution.

{¶30} For the foregoing reasons, appellant's sole assignment of error is not well-taken. The judgment of the Lake County Court of Common Pleas is affirmed.


DIANE V. GRENDELL, J.,

TIMOTHY P. CANNON, J.,

concur.

8